AARON R. STEVENS et al., Appellants, v. THE CENTRAL NATIONAL BANK OF BOSTON et al., Respondents.

APPEAL — ORDER OF APPELLATE DIVISION DISMISSING APPEAL. No appeal can be taken to the Court of Appeals from an "order" of the Appellate Division dismissing an appeal from the judgment below; but the proper practice is to enter a judgment of dismissal upon the order and then appeal from such judgment.

*Stevens* v. *Central Nat. Bank*, 35 App. Div. 35, appeal dismissed.

(Argued February 28, 1900; decided March 13, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 8, 1898, affirming an order of Special Term directing the entry of a judgment in favor of defendants and awarding them costs and an extra allowance, and dismissing the appeal from such judgment.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward Winslow Paige* for appellants. The order is one finally determining an action and is, therefore, appealable. (Code Civ. Pro. §§ 190, 3228–3230.)

*Charles E. Patterson* for respondents. This court has not jurisdiction to review the order appealed from. (*Van Arsdale* v. *King*, 155 N. Y. 325; *N. Y. S. & T. Co.* v. *S. G. & E. L. Co.*, 156 N. Y. 645; *City of Johnstown* v. *Wade*, 157 N. Y. 50.)

O'BRIEN, J. The judgment in this case having been affirmed in this court (144 N. Y. 50), was taken to the Supreme Court of the United States upon a writ of error, where it was reversed, with costs, in so far as it affected the Central National Bank of Boston and the parties represented by it in the litigation. The case was remitted to this court by the Federal court with its mandate that further proceedings be had in the state courts not inconsistent with the decision.

This court remitted the record with the mandate to the Supreme Court of this state with directions to carry the judgment of the Federal court into effect, *without costs in this court.* The Supreme Court of this state at Special Term received the record and took into consideration the form of the final judgment to be entered. Its decision is expressed in the form of an order regularly entered upon an opinion stating the principles upon which costs should be awarded to the bank and other parties who have succeeded in the Supreme Court of the United States. Upon this order and the record judgment was entered against the plaintiff for $3,851.10 costs. The plaintiff appealed to the Appellate Division from the order of the Special Term and from the judgment. That court affirmed the order and dismissed the appeal from the judgment. The decision is expressed in the form of an order, and from *that order,* so far as it dismissed the appeal from the judgment, the plaintiff has appealed to this court.

The contention of the learned counsel for the plaintiff is that the judgment for costs entered below was unauthorized by the judgment and mandate of the Federal court and proceeded upon an erroneous construction of the scope and effect of that judgment as well as of the judgment of this court. We refrain from any consideration of these questions, since we think this court has no jurisdiction to entertain such an appeal. Appeals to this court may be taken as matter of right only "from judgments or orders finally determining actions or special proceedings, and from orders granting new trials on exceptions, where the appellants stipulate that upon affirmance, judgment absolute shall be rendered against them." (Code, § 190.) The scope and meaning of this section has been fully considered and determined in this court. ( *Van Arsdale* v. *King,* 155 N. Y. 325.) The order in question is not a final order in a special proceeding, nor an order granting a new trial upon exceptions. It is what is called in article six, section nine, of the Constitution a *decision,* which is but the authority or basis for a judgment or order, and I cannot find that an appeal ever did lie to this court from a mere decision of

that character.  It is clear, however, that no appeal can be taken now from such an order.  The proper practice is to enter a judgment upon such an order and then appeal from the judgment.  In this case it would be a judgment of dismissal merely, but still it would be in form a *judgment*, and not an order authorizing a judgment.

When an appeal is taken to this court from a judgment, the form which it assumes in the court below, whether of affirmance, reversal, modification or dismissal, is not material.  The courts below cannot deprive this court, in a proper case, of jurisdiction by dismissing an appeal and thus leaving the judgment complained of in force.  In many cases that would have the same effect upon the rights of the parties as an affirmance.  But the difficulty in this case is that there is no judgment of any kind, and we cannot review a mere decision or order which is but the evidence of the right to enter a judgment.  It is just as essential for the purpose of a review in this court that a mere order or decision below dismissing the appeal should be followed by a judgment, as it is when a like order or decision is made at the trial dismissing the complaint.  In such cases the action of the court is not perfected in the sense that it is in a condition to be reviewed in this court until a judgment in the usual form is entered.  It follows that the appeal in this case is premature and should be dismissed, with ten dollars costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur ; LANDON, J., not sitting.

Appeal dismissed.