METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK, Appellant, *v.* LONG ACRE ELECTRIC LIGHT AND POWER COMPANY, Respondent, Impleaded with Others.

**Appeal — an appeal from judgment entered on order of Appellate Division dismissing an appeal will lie to this court — foreclosure — an action to foreclose a trust mortgage cannot be taken out of the control of the trustee without its consent or the authority of the court — action cannot be terminated by bondholders accepting payment of interest by mortgagor without consent or knowledge of trustee.**

1. Where an appeal to the Appellate Division has been dismissed by an order of that court upon a motion based on affidavits and a judgment of dismissal has been entered upon such order, an appeal from such judgment will lie to this court. (*Stevens* v. *Central National Bank of Boston*, 168 N. Y. 560, followed.)

2. Where a trust company, as trustee of bondholders, at their instance and under the terms of the mortgage securing the bonds, instituted an action to foreclose the mortgage for default in payment of interest, the bondholders cannot on their own authority and without the sanction of the court take the control of the action and of the trust affairs out of the hands of the trustee.

3. Where upon the trial of an action to foreclose a trust mortgage for default in payment of interest, the mortgagor tendered the full

amount of interest due to the day of trial, which was refused and the money was paid into court, whereupon the trial justice dismissed the complaint, and the trustee appealed from the judgment of dismissal to the Appellate Division, and thereafter, but while the appeal was pending, the Appellate Division, upon the mortgagor's motion and affidavits showing the payment of all interest coupons on all outstanding bonds to the date of the motion, dismissed the appeal, its decision, where it appears that the coupons were not presented by the trustee, and that it knows nothing about the payment of the interest, is erroneous and the judgment entered upon the order dismissing the appeal must be reversed and the case be sent back to the Appellate Division to consider the questions raised upon the appeal from the judgment of the trial court.

*Metropolitan Trust Co.* v. *Long Acre Electric Co.*, 164 App. Div. 945, reversed.

(Argued January 31, 1918; decided March 5, 1918.)

APPEAL from a judgment, entered December 2, 1914, upon an order of the Appellate Division of the Supreme Court in the first judicial department, dismissing an appeal from a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter F. Taylor* and *Edwin De T. Bechtel* for appellant. The plaintiff has the right to appeal to this court from the judgment entered upon the order of the Appellate Division dismissing its appeal. (*Stevens* v. *Central Nat. Bank*, 162 N. Y. 253.) The order of the Appellate Division dismissing plaintiff's appeal was unwarranted. (*O. & L. C. R. R. Co.* v. *V. & C. R. R. Co.*, 63 N. Y. 76; *Higlie* v. *Westlake*, 14 N. Y. 281; *Monnet* v. *Merz*, 17 N. Y. Supp. 380; 131 N. Y. 646; *Curran* v. *Houston*, 201 Ill. 442; *Van Vlissingen* v. *Lenz*, 171 Ill. 162; *American L. & T. Co.* v. *Union Depot*, 80 Fed. Rep. 36; *Parker* v. *Oliver*, 106 Ala. 549; *Bergman* v. *Fortesque*, 74 N. J. Eq. 266; *N. W. M. L. Ins. Co.* v. *Butler*, 57 Neb. 198; *Malcolm* v. *Allen*, 49 N. Y. 448.)

*Julius F. Workum* for respondent. The dismissal of the appeal by the Appellate Division was not a final judgment and not appealable. (*Van Ardsdale* v. *King,* 155 N. Y. 325; *Harrington* v. *Holler,* 111 U. S. 796; *Wenar* v. *Jones,* 217 U. S. 593.) The Appellate Division properly dismissed the appeal. (*People ex rel. Geer* v. *Common Council of Troy,* 82 N. Y. 575; *Delevan* v. *N. Y., N. H. & H. R. R. Co.,* 216 N. Y. 35; *Matter of Strauss,* 157 N. Y. 720; *People* v. *Clark,* 70 N. Y. 518; *Matter of Croker* v. *Sturgis,* 175 N. Y. 158; *Matter of Schlucter,* 47 App. Div. 621; *Jones* v. *Montague,* 194 U. S. 147.)

CUDDEBACK, J. The action is to foreclose a mortgage made by the Long Acre Electric Light and Power Company to the plaintiff as trustee to secure the bonds of the Long Acre Company in the sum of $1,000,000. Bonds to the amount of $500,000 were outstanding at the time of the commencement of the action.

The mortgage provided that if default should be made in the payment of the interest secured, and such default should continue for six months, then upon the election of a majority in interest of the bondholders the entire principal sum should become and be immediately due and payable.

On October 17, 1912, the Central Trust Company gave notice to the plaintiff that it was the owner and holder of $489,000 of the Long Acre bonds upon which the interest that matured at intervals of six months from October 15, 1908, to April 15, 1912, had not been paid, and that such default, except as to the last-mentioned installment, had continued for more than six months; and that under the terms of the mortgage the holders of the bonds had elected that the whole principal sum secured by the mortgage should become due because of the default in interest. The action of foreclosure was brought pursuant to such notice November 1, 1912.

The defendant, the Long Acre Company, answered,

denying that it had defaulted in the payment of interest on its bonds, and denying also several other allegations of the complaint. Upon the issue thus joined the parties went to trial before the Special Term on March 30, 1913.

During the trial the defendant, the Long Acre Company, tendered to the plaintiff for the benefit of the Central Trust Company the full amount of interest up to the day of trial that was alleged to be in default, which tender was not accepted and the money was paid into court. Thereupon, the justice presiding dismissed the plaintiff's complaint with costs.

From the judgment dismissing the plaintiff's complaint, the plaintiff appealed to the Appellate Division. While the appeal was pending, of course other installments of interest upon the mortgage became due, and on or about August 31, 1914, the Long Acre Company paid the coupons on all bonds outstanding, viz., $500,000 of bonds, which became due April 15 and October 15, 1913, and April 15, 1914.

Upon affidavits showing the payment of these coupons a motion was made by the defendant at the Appellate Division to dismiss the plaintiff's appeal and it was accordingly dismissed, with ten dollars costs on October 30, 1914.

The Metropolitan Trust Company, the plaintiff, through its officers, swears that the coupons which matured after the appeal were not presented in its behalf and that it knows nothing about the payment of the interest. By whom the coupons were presented does not appear.

On December 2, 1914, the plaintiff entered a judgment in the New York county clerk's office upon the order of the Appellate Division which dismissed the appeal, and it is from this order dismissing the appeal and the judgment entered thereon that the plaintiff, the Metropolitan Trust Company, now appeals to this court.

*First,* as to the plaintiff's right of appeal:

The position of the respondent is that under section 190 of the Code of Civil Procedure no appeal lies to this court from the order of the Appellate Division dismissing the appeal, and also that the entry of judgment dismissing the appeal on such order was improper.

It seems to me that the decision of this court in *Stevens* v. *Central National Bank of Boston* (162 N. Y. 253) sanctions the practice followed by the appellant in this case. In the *Stevens* case the Special Term had ordered costs against the plaintiff on which order judgment was entered. On appeal the Appellate Division affirmed the order and dismissed the appeal from the judgment. The plaintiff then appealed to this court from the order of the Appellate Division so far as it dismissed the appeal. This court held that under section 190 of the Code no appeal could be taken from that order of the Appellate Division, and that the proper practice was to enter a judgment of dismissal on the order and appeal from such judgment. That course was taken and this court subsequently heard and decided the appeal (168 N. Y. 560). The rule of the *Stevens* case was precisely followed by the plaintiff here.

The respondent contends that the two cases are different. In the present case there was an original motion made by the defendant at the Appellate Division to dismiss the appeal based upon affidavits, while in the *Stevens* case the Appellate Division heard the appeal on the merits and dismissed it. This difference does not affect the question of practice. The *Stevens* case was followed by this court in *Jones* v. *Woodin* (218 N. Y. 694).

*Second,* as to the effect of the payment of the coupons on the appeal:

Where an appellant knowingly accepts the benefit of a judgment he waives his right to appeal therefrom; and where the question involved in the appeal has become

academic, the appeal will be dismissed. It is upon the authorities that lay down these general principles that the respondent relies. (*People ex rel. Geer* v. *Common Council of Troy*, 82 N. Y. 575; *Goepel* v. *Kurtz Action Co.*, 216 N. Y. 343.)

But in this case the plaintiff, the appellant, did not collect the coupons itself and did not know that they had been presented for payment. Therefore, the appellant itself has waived nothing. The plaintiff as trustee was in control of the action. That was one of the purposes for which the trustee was appointed. The bondholders could decide whether or not the principal of the mortgage should become due for default in the payment of interest because the mortgage gave them that power, but the further progress of the litigation rested in the discretion of the trustee. If the trustee in such a case should refuse upon request to take the course most beneficial to the bondholders, a court of equity might interfere. (*O'Beirne* v. *Allegheny & K. R. R. Co.*, 151 N. Y. 372; *Davies* v. *New York Concert Co.*, 41 Hun, 492.) But certainly the bondholders cannot on their own authority and without the sanction of the court take the control of the trust affairs out of the hands of the trustee. If in this case the trustee deemed it wise to appeal from the decision of the Special Term dismissing the complaint, the bondholders could not by presenting their coupons defeat the appeal.

The questions presented by the appeal have not become academic. The merits of the case are not before us. Whether the whole principal sum secured by the mortgage became due for default in the payment of interest on the election of the bondholders, and whether this default was remedied by the tender of interest on the trial, are questions which remain to be decided. Those questions have not been passed upon by the Appellate Division. The case should be sent back for the Appellate Division to consider them.

I recommend that the judgment dismissing appeal be reversed, with costs, and appeal from judgment to Appellate Division be reinstated.

HISCOCK, Ch. J., CHASE, COLLIN, McLAUGHLIN and CRANE, JJ., concur; HOGAN, J., dissents.

Judgment accordingly.