## CALVERT v. CALVERT.

No. 3276.   Decided Nov. 19, 1918.   (176 Pac. 731.)

1. APPEAL AND ERROR—ABANDONMENT OF NOTICE OF APPEAL. An appellant may abandon his notice of appeal first given and perfect his appeal by giving a second notice, if given within the time allowed by statute for taking an appeal.[1]   (Page 600.)

2. DIVORCE—DECREE—SUFFICIENCY. Where a decree of divorce fails to provide that it shall not become absolute for six months, as required by Laws 1913, c. 49, pp. 76, 77, it is not void, as, by force of the statute, the provision is read into the decree and becomes a part of it.[2]   (Page 600.)

3. DIVORCE—CUSTODY OF CHILD. Trial judge *held* not to have abused his discretion in refusing to modify provision of divorce decree granting custody of child to its mother, although mother had unlawfully contracted a marriage within six months of the rendition of the decree of divorce.   (Page 601.)

Appeal from the District Court of Duchesne County, Fourth District; *Hon. A. B. Morgan,* Judge.

Action by Kate Calvert against George M. Calvert.

There was a decree of divorce for the plaintiff. From a decree denying defendant's petition to modify provision of decree awarding the custody of the child to plaintiff, he appeals.

AFFIRMED.

*Charles J. Wahlquist* for appellant.

*O'Donnell & Calder* for respondent.

GIDEON, J.

[1] *Lukich* v. *Utah Const. Co.,* 48 Utah, 452, 160 Pac. 270.
[2] *Mutart* v. *Pratt,* 51 Utah, 246, 170 Pac. 67.

The defendant appeals from the refusal of the district court to modify a decree of divorce granted to plaintiff in proceedings against the defendant. It appears from the record that on October 11, 1917, suit was instituted in Duchesne County by the plaintiff. Service of summons was had upon defendant. He failed to plead, and default was entered. Thereafter, on December 4, 1917, the court heard proof and gave plaintiff judgment dissolving the bonds of matrimony between plaintiff and defendant, and also awarded plaintiff certain real property located in Duchesne County and the custody of the minor child, a girl of tender years, issue of said marriage. That decree was signed by the court on January 11, 1918, but, for some reason not appearing in the record, it was not filed with the clerk of the court until February 28th following. The decree on its face is absolute in form, no provision being made therein that the decree shall not become final or absolute until six months from the date of its entry, as provided in chapter 109, Laws Utah 1909, as amended by chapter 49, Laws Utah 1913. Thereafter, on March 4, 1918, plaintiff left the State of Utah, went to the State of Wyoming, and was there married to one Harry C. Kingsland, thereafter returning to Salt Lake City, in this state. Defendant filed a petition for an order reopening the case and praying for a modification of the decree awarding the custody of the minor child. The application was based chiefly on the fact that plaintiff, by her conduct in contracting a new marriage prior to the time when she could legally contract such marriage, had proven herself an unfit person to have custody of the minor child. Hearing was had on defendant's petition asking for an award of the child to him. The same was denied, but the decree was modified in some particulars, to-wit, plaintiff was denied the privilege of taking the child without the jurisdiction of the court, and defendant was permitted to visit the child at reasonable times.

Before proceeding to a consideration of the merits it is necessary to dispose of a motion to dismiss the appeal.

It appears that the hearing on defendant's petition was had before the court in Utah County on June 25, 1918. At that

time the court verbally gave its decision denying plaintiff's petition. Thereafter, on or about August 6th following, a formal order was entered denying the petition, and such order was filed with the clerk of the court on September 6, 1918. Defendant's counsel, assuming that the order had been filed with the clerk gave notice of appeal to this court on July 10, 1918. On August 15, 1918, an appeal bond was filed. Later, defendant's counsel having been advised that the order had not been filed with the clerk until September 6th, on September 11th gave a supplementary or second notice of appeal, and stated in that notice that he abandoned the former appeal. The appeal bond filed on August 15th was withdrawn, and the same was refiled after giving the second notice of appeal. Subsequently, and after the matter came to this court, under Comp. Laws 1907, section 3319, application was made by the defendant to file a new or additional appeal bond, and leave was granted to file such bond.

The motion to dismiss the appeal is based on the ground that no undertaking was filed within five days after giving the first notice of appeal. The right of an appellant to abandon his notice of appeal first given and to perfect his appeal by giving a second notice, if given within the time allowed by the statute for taking an appeal from the order or judgment appealed from, has become the settled rule of practice in this court, and it would subserve no good purpose to restate the reasons for that rule here. *Lukich v. Utah Const. Co.*, 48 Utah, 452, 160 Pac. 270. The motion to dismiss the appeal is denied.

It is claimed by appellant that, as the decree failed to "specifically provide that it shall not become absolute until the expiration of six months from the date of its entry" as provided in the amending statute, chapter 49, Laws Utah 1913, pp. 76, 77, the court exceeded its authority, and therefore its decree is absolutely void. It may be admitted that any part of the decree entered beyond the power of the court is necessarily void, but it does not follow that the other portions of the decree which were within the power of the court to render are of no effect. The court

could not, in the face of the statute, enter a decree absolute, or which would become absolute until the expiration of six months from the date of its entry, but inadvertently omitting to insert that provision as required does not render the decree void. By force of the statute the provision is read into the decree and becomes a part of it. *Mutart v. Pratt,* 51 Utah, 246, 170 Pac. 67; *Phillips v. Phillips,* 69 Kan. 324, 76 Pac. 842.

Apparently the only fact attempted to be proven by the appellant at the hearing to establish a reason why the decree of divorce awarding custody of the minor child to plaintiff should be modified is that the plaintiff, doubtless mistaking her legal rights, contracted a new marriage before the time when she was authorized to contract such a marriage under the statutes of this state. The lower court had all the parties before it. In fact, as stated in its verbal opinion, the trial judge was personally acquainted with the parties to the action, and, while condemning the act of plaintiff in contracting a new marriage contrary to law, gave judgment that the best interests of the child required that its custody be left with the mother. In its order denying the motion the court expressly reserved the right to defendant to make an application at any subsequent time for the custody and disposal of the child, and which right is guaranteed to either party in divorce proceedings under the laws of this state, upon proper showing that the best interests of the child demand such modification. The district court, by reason of its more intimate knowledge of the parties and of their circumstances, was better able to judge as to the proper disposition of the child than is this court, having before it only the written testimony. There was no abuse of discretion in denying the petition.

The order appealed from is affirmed; defendant to pay costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.