CHARLES FOLEY, Respondent, *v.* SARAH BLANCHE CARTER, Appellant, Impleaded with Others, Defendants.

Second Department, October 30, 1925.

Appeal — Appellate Division — order dismissing appeal with costs is final order — proper practice is to enter judgment on order, including costs therein — judgment — execution — redemption — judgment creditor, in judgment entered on order by Appellate Division dismissing appeal, with costs, may, under Civil Practice Act, § 732, redeem property from prior redeeming creditor.

An order by the Appellate Division, dismissing an appeal with costs, is a final order, and the proper practice is for the successful party to enter a judgment upon the order of dismissal, including therein the amount of costs awarded.

A judgment so entered for costs may be collected by execution against real property, and, therefore, the judgment creditor is entitled, under section 732 of the Civil Practice Act, to redeem real property from a prior redeeming creditor.

APPEAL by the defendant, Sarah Blanche Carter, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 16th day of October, 1924, upon the decision of the court rendered after a trial at the Kings Special Term.

*George Goldberg,* for the appellant.

*Charles Foley,* respondent, in person.

KAPPER, J.:

Plaintiff is an attorney-at-law. He sued to cancel a certificate of redemption of certain real property redeemed by the defendant Sarah B. Carter, and to compel the sheriff of Kings county to deliver a deed to him as a " junior judgment creditor " by reason of his previous redemption. On December 13, 1917, the defendant Sarah B. Carter sued one Irene E. V. Daniels to recover damages for the alienation of the affections of Mrs. Carter's husband. In that action the plaintiff here was Irene Daniels' attorney. Mrs. Carter recovered a judgment of $2,546.25, which was duly entered January 18, 1919. Irene Daniels had a remainder interest, subject to an outstanding life estate, in the real property now involved. On January 21, 1921, the sheriff, by virtue of Mrs. Carter's judgment, sold this remainder interest of Irene Daniels at public auction and the same was bought by Mrs. Carter for $300 to whom the sheriff issued his certificate of sale. Irene Daniels' time within which to redeem, as provided by section 724 of the Civil Practice Act, expired one year thereafter, namely, January 21, 1922. The Civil Practice Act (§ 727) gives an additional three months for redemption by a judgment creditor, so that such a creditor had until April 21, 1922, within which to redeem from the purchaser at the sale. Hence, we find that on April 20, 1922, Irene Daniels confessed judgment in favor of the plaintiff Foley for $1,915, purporting to represent the balance of a fee of $2,500 claimed to be due him for his legal services as attorney for said Irene Daniels in said litigation; and on the following day, April 21, 1922, Foley claiming authority as a junior judgment creditor, and after paying to the sheriff the sum of $327, the amount necessary to redeem the property from the sale to Mrs. Carter, obtained from the sheriff a certificate of redemption of all the right, title and interest of Irene Daniels in said property.

Returning now to some of the intervening history, we find that Irene Daniels appealed to this court from the original judgment obtained against her by Mrs. Carter. On that appeal she was represented by the plaintiff. On December 5, 1919, upon affidavits showing that the prosecution of said appeal was unduly delayed,

this court made an order dismissing said appeal, with ten dollars costs. (See *Carter* v. *Daniels*, 190 App. Div. 909.) Mrs. Carter's lawyer then awoke to the potentialities of section 732 of the Civil Practice Act which gives *twenty-four additional hours* to any other redeeming creditor to redeem from the last preceding redeeming creditor who, as already stated, was the plaintiff here. Thereupon we find that Mrs. Carter, on April 22, 1922, and within the twenty-four hours aforesaid, filed with the county clerk a certified copy of our order dismissing Irene Daniels' appeal and on the same day entered judgment thereon for the sum of ten dollars, our award of costs to her; and then, and also on the same day, she obtained from the sheriff a certificate of redemption of the property from the plaintiff, after paying the amount of money which the plaintiff had spent to obtain his redemption certificate, together with the other essential fees as provided by the statute.

Plaintiff thereupon brought this action alleging that the judgment entered by Mrs. Carter on this court's order dismissing Irene Daniels' appeal was null and void, and that the attempted redemption based upon such judgment was of equal impotence and ineffectual to defeat plaintiff's status as a redeeming creditor by virtue of the confessed judgment. The learned Special Term accepted plaintiff's view, holding the entry of judgment upon our order of dismissal of the appeal to be unauthorized; and that our award of costs on such dismissal was not subject to collection by judgment.

Undoubtedly, under section 1520 of the Civil Practice Act, motion costs are collectible by execution against personal property only. But this is limited strictly to such costs of a motion as do not authorize the entry of judgment thereon. (*Hyde* v. *Anderson*, 112 App. Div. 76.) Where, however, a motion is made which finally determines the action an award of costs on granting the motion is taxable and properly included in the judgment. In none of the cases relied on by the learned Special Term, nor in those cited by the respondent, was there a final determination of the action but all are instances of orders and proceedings of a strictly interlocutory character. (*Matter of Bernard* v. *Cowen*, 82 Misc. 384; *Hyde* v. *Anderson, supra; Wasserman* v. *Benjamin*, 91 App. Div. 547; *McIntyre* v. *German Savings Bank*, 59 Hun, 536.) A dismissal by the Appellate Division of an appeal from a judgment is not an interlocutory order but is the final determination of the action; and the entry of a judgment upon such an order of dismissal is essential to limit the time within which the determination may be reviewed and to effectuate an end to the litigation. No appeal can be taken to the Court of Appeals from an " order " of the Appellate Division dismissing an appeal from the judgment

below; but the proper practice is to enter a judgment of dismissal upon the order and then appeal from such judgment. (*Stevens* v. *Central Nat. Bank,* 162 N. Y. 253.) In the case cited it was said (Judge O'BRIEN writing, p. 255): " It is just as essential for the purpose of a review in this court that a mere order or decision below dismissing the appeal should be followed by a judgment, as it is when a like order or decision is made at the trial dismissing the complaint. In such cases the action of the court is not perfected in the sense that it is in a condition to be reviewed in this court until a judgment in the usual form is entered." (See, also, *Matter of City of New York, Court House,* 216 N. Y. 489, 491; *Metropolitan Trust Co.* v. *Long Acre Electric Light & Power Co.,* 223 id. 69, 72.)

Section 621 of the Civil Practice Act prescribes the practice. It provides for the entry of the order of the Appellate Division in the office of the clerk of that court, a certified copy of the order and the original case on appeal to be transmitted to the clerk of the county where the judgment appealed from was entered; and that the certified copy of such order, *together with the judgment entered thereon* and the case so transmitted, shall constitute the judgment roll and remain on file in the office of such county clerk.

In the *Metropolitan Trust Co. Case* (*supra*) the Appellate Division upon affidavits (as was the case here) dismissed the plaintiff's appeal, " with ten dollars costs." The plaintiff entered judgment upon the order of dismissal and appealed to the Court of Appeals from such judgment. The question was squarely presented to that court by the respondent's contention that the entry of judgment upon the order dismissing the appeal was unauthorized and improper. Holding adversely to this claim, the Court of Appeals (per CUDDEBACK, J., p. 73) say: " It seems to me that the decision of this court in *Stevens* v. *Central National Bank of Boston* (162 N. Y. 253) sanctions the practice followed by the appellant in this case. In the *Stevens* case the Special Term had ordered costs against the plaintiff on which order judgment was entered. On appeal the Appellate Division affirmed the order and dismissed the appeal from the judgment. The plaintiff then appealed to this court from the order of the Appellate Division so far as it dismissed the appeal. This court held that under section 190 of the Code* no appeal could be taken from that order of the Appellate Division, and that the proper practice was to enter a judgment of dismissal on the order and appeal from such judgment. That course was taken and this court subsequently heard and decided the appeal (168 N. Y. 560). The rule of the *Stevens* case was

---

* Now Civ. Prac. Act, § 588.— [REP.

precisely followed by the plaintiff here. The respondent contends that the two cases are different. In the present case there was an original motion made by the defendant at the Appellate Division to dismiss the appeal based upon affidavits, while in the *Stevens* case the Appellate Division heard the appeal on the merits and dismissed it. This difference does not affect the question of practice. The *Stevens* case was followed by this court in *Jones* v. *Woodin* (218 N. Y. 694)." It thus appears, upon authority, that the appellant Carter in entering judgment upon our order of dismissal, pursued a practice that obtains complete sanction, and that by the entry of her judgment she became a judgment creditor. Being such, her right to redeem as a judgment creditor cannot be destroyed by the fact that the judgment was for a small amount. No question is raised but that both the plaintiff and the defendant Carter moved within the periods of time prescribed for redemption by the Civil Practice Act, and as the sole question presented on this appeal is whether the entry of judgment on the order of dismissal by the appellant Carter was an authorized and proper practice, it follows from the foregoing views that the action was improperly disposed of by the Special Term, and that the judgment should be reversed upon the law and the facts, and judgment directed in favor of the defendant, appellant, Sarah Blanche Carter, with costs, and upon appropriate findings to be made by this court, to be settled upon notice.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Judgment reversed upon the law and the facts, and judgment unanimously directed in favor of the defendant, appellant, Sarah Blanche Carter, with costs, and upon appropriate findings to be made by this court. Settle order on notice.