[No. 3267. Dec. 31, 1927.]

OSKINS v. MILLER.

[263 Pac. 766.]

See, also, 263 P. 764.

Chas. B. Barker and C. J. Roberts, both of Santa Fe, for plaintiff in error.

E. P. Davies, of Santa Fe, for defendant in error.

OPINION OF THE COURT

PARKER, C. J.  Defendant in error, George Miller, brought a suit in the justice of the peace court of precinct No. 18, Santa Fe county, against Hobart Oskins.  The proceedings there had resulted in a judgment against Hobart Oskins.  Oskins appealed to the district court of the First judicial district, Santa Fe county, and gave an appeal bond executed by himself as principal and by J. M. Oskins, John L. Zimmerman, and Fred Muller as sureties.  Several dilatory motions were filed by defendant in the district court of Santa Fe county, to wit, motion for cost bond, motion to require plaintiff to furnish defendant bill of particulars, motion for leave to withdraw general appearance and plea to the jurisdiction.  On December 14, 1926, the court overruled all of said motions and pleas.

On December 23, 1926, the court signed and on the 30th day of December, 1926, there was filed a judgment in said cause wherein is recited that the cause came on for final hearing pursuant to setting thereof regularly made; that the parties appeared in person and by their attorneys; that George Miller, the plaintiff, having moved that said appeal be dismissed because the appellant failed to file in the office of the clerk of the district court before the first day of the next regular term of the district court after the taking of the appeal a transcript of the entries made in the docket of the justice of the peace.  The order and judgment of the court reads:

"That the said motion to dismiss the said appeal be and the same is hereby sustained, and the said appeal is hereby dismissed at the cost of the said appellant, Hobart Oskins, and the clerk of said court shall tax the fees of the witnesses of the said George

Miller against the said appellant. To all of which the said defendant, Hobart Oskins, objects and excepts; and the said Hobart Oskins having in open court prayed an appeal to the Supreme Court of the state of New Mexico, the said appeal is hereby granted."

On the 25th day of May, 1927, there was issued by this court a writ of error to the district court of the First judicial district, Santa Fe county, commanding the district court to send a copy of the record and proceedings to the Supreme Court within 90 days from the date of the writ. Upon the same date a præcipe was filed with the clerk of the district court for transcript of record. The transcript was filed in the court June 13, 1927.

On October 17, 1927, the defendant in error filed a motion in this court, to dismiss and quash the writ of error. The grounds assigned are that Hobart Oskins, the plaintiff in error, had on December 23, 1926, prayed and been granted an appeal from the action of the district court to the Supreme Court, that Hobart Oskins having failed to file a cost bond or supersedeas bond, and having failed to dismiss his appeal, he had no right to sue out a writ of error; that the order appealed from was a final order affecting a substantial right made after the entry of the final judgment, and that this court had no jurisdiction to grant the writ of error; that there is another appeal pending in this court, No. 3270 (263 P. 764), involving the same parties, the same rights, and the same subject-matters.

There are other matters contained in the motion, but they relate to matters pertaining to the merits of the case.

The following points are before this court for determination upon this motion:

(1) Is the order and judgment of the district court dismissing the appeal from the justice of the peace court a final judgment or a final order affecting a substantial right made after the entry of final judgment?

(2) Has a litigant the right to sue out a writ of error, having previously been granted an appeal and having taken no further steps therein?

(3) Does cause No. 3270 in this court involve the same parties, the same rights, and the same subject-matter as this case?

Plaintiff in error contends that the order and judgment of the district court made on December 23, 1926, and filed December 30, 1926, dismissing his appeal from the justice of the peace, is a final judgment and that the appeal granted to him was from such final judgment.

In 1 Black on Judgments, § 27, in discussing final judgments, the author says:

"The dismissal of a bill in chancery or a suit at law, since it fully disposes of that action, is a final judgment; it is a final decision of the case as against all claims made by it, although it may not be a final determination of the rights of the parties, as they may be presented in some other action."

In the case of Sacramento Valley Irrigation Co., Plaintiff in Error, v. Oliver M. Lee et al., Defendants in Error, 15 N. M. 567-573, 113 P. 834, 836, this court, in discussing the question of what constituted a final judgment, used the following language:

"The United States cases, which, of course, are the controlling authority in this jurisdiction, hold that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals unless all issues of law and fact necessary to be determined were determined and the case completely disposed of so far as the court had power to dispose of it."

Applying the facts in the case at bar to the foregoing rules, we find that when the district court dismissed the appeal, it disposed of every question before it so far as the district court had power to dispose of it. Whether rightfully or wrongfully, we are not here called upon to decide. Such order of the district court for the purposes of this case constituted a final judgment.

Defendant in error, however, contends that the order appealed from is not a final judgment, but is a final order affecting the substantial right made after the entry of a final judgment. In this contention defendant in error is clearly mistaken. We are unable to find in the record any further order made by the district court after the order dismissing the appeal from the justice of the peace and granting an appeal to this court.

■ The record discloses, and it is so contended by defendant in error, that after appeal was granted on December 23, 1926, plaintiff in error did not file a cost bond, nor a supersedeas bond, nor take any further steps to perfect said appeal, and that the same has not been affirmatively dismissed; that on May 25, 1927, the writ of error bringing the case into this court was sued out by plaintiff in error.

Defendant in error contends that at the time of suing out the writ of error there was an appeal pending. There is no merit in this contention. The judgment appealed from was a final judgment. Section 1, c. 43, Laws 1917, gives six months' time from the entry of any final judgment within which to appeal to the Supreme Court. Section 4, Id., gives the same time within which to sue out a writ of error.

Both proceedings cannot be prosecuted at the same time, but this court, in a similar case involving the identical question, held that the suing out of a writ of error and an election to proceed in error constituted an abandonment of an appeal previously taken. Zac Metal Co., Appellants and Plaintiffs in Error, v. Nathaniel C. Foster, Appellee and Defendant in Error (Dailey et al. v. Foster) 17 N. M. 377-383, 128 P. 71.

There are other decisions by this court modifying the decision in the above case, but they apply only where a supersedeas bond has been given and have no application to cases in which nothing was done after the appeal was granted as in the case at bar.

The writ of error was sued out within the statutory time allowed.

■ The contention that cause No. 3270 in this court is an appeal involving the same parties, the same rights, and the same subject-matter is untenable. The present cause involves George Miller, the plaintiff in the lower court, and Hobart Oskins, the defendant in the lower court, and it has for its object the review of the final judgment dismissing the appeal of Hobart Oskins from the justice of the peace court. Cause No. 3270 in

this court is an appeal by the sureties upon the bond of Hobart Oskins from statutory judgment of the district court rendered against them as sureties. Neither the parties, nor the rights, nor the subject-matter are the same.

Defendant's motion to dismiss is accordingly overruled, and it is so ordered.

BICKLEY and WATSON, JJ., concur.