HARRIET E. SLEICHER, Plaintiff, v. CHARLES A. SLEICHER, Defendant.*

Supreme Court, Essex County, July 28, 1930.

John C. Judge, for the motion.

Frank H. Deal [Guy Swinnerton of counsel], opposed.

HEFFERNAN, J. The action was brought to recover unpaid installments of alimony and it has had a very colorful history. Defendant moved for judgment on the pleadings and the Special Term denied the application. This order was reversed by the Appellate Division (224 App. Div. 529), but reinstated by the Court of Appeals (251 N. Y. 366). The costs awarded by that court, amounting to $373.73, are those involved in this motion.

*Affd., 230 App. Div. 802.

Following the decision of the Court of Appeals the action was tried and a jury rendered a verdict in defendant's favor. The trial judge set the verdict aside as against the weight of the evidence and granted a new trial. Defendant has appealed from that order. Upon the second trial judgment was directed for plaintiff and defendant has also appealed therefrom. Plaintiff seeks to stay his proceedings on both appeals.

Defendant's position is that the costs awarded against him by the Court of Appeals are to be treated as motion costs. He concedes that because of his failure to pay the same the statutory stay contained in section 1520 of the Civil Practice Act became effective. He contends, however, that plaintiff by noticing the case for trial twice and by accepting his notices of appeal has waived her right to a stay. Plaintiff asserts that the costs awarded are to be regarded and treated as the costs of a judgment in the Court of Appeals. It is conceded that if the costs are mere motion costs, defendant's proceedings, unless waived, were automatically stayed without any court order. If the costs are to be regarded as in the nature of a judgment, there is no similar statutory provision for a stay. The restriction contained in section 1520 is not applicable to costs of a judgment. The practice is, however, in such cases for the court to grant a stay.

It seems to me that the costs involved here must be regarded as motion costs. Defendant's motion was for judgment on the pleadings for failure to state a cause of action. In the prosecution of this motion he was ultimately defeated. His proceeding was simply a motion in that action and did not constitute a final determination thereof. Costs upon appeal from an order at Special Term are within the provisions of the section to which reference has been made. The Court of Appeals held that defendant was not entitled to the relief he sought and the case has since been tried twice. The mere fact that the costs awarded against defendant were labeled costs of a judgment is not conclusive. In the last analysis they were motion costs. That being so, plaintiff had a statutory stay. By her subsequent proceedings, however, she chose to waive the provisions thereof. Having been once waived the stay cannot now be enforced.

The motion is, therefore, denied but, under the circumstances, without costs.