In the Matter of Proceedings Supplementary to the Execution under a Judgment in Favor of ELMORE MILLING COMPANY, INC., Judgment Creditor, against ELI BURGHER, Judgment Debtor.

County Court, Otsego County, April 22, 1933.

*Sterling P. Harrington*, for the motion.

*Franklin C. Keyes* [*L. E. Walrath* of counsel], opposed.

*W. O. Hintermister*, Otsego county clerk, in person.

*George H. Mitchell*, Otsego county sheriff, in person.

VAN WOERT, J. Eli Burgher appealed from an order of this court holding him in civil contempt for failure to appear for examination before a referee in proceedings supplementary to execution. The Appellate Division reversed such order (238 App. Div. 887), and a " judgment " pursuant to section 584 of the Civil Practice Act was entered in this court April 6, 1933. Two days later, upon application of the successful appellant, an execution was issued by the Otsego county clerk for the collection of the costs included in such judgment, $81.05. The present motion, brought on by show cause order, is to set aside the execution on the ground that under section 1520 of the Civil Practice Act, such execution was for collection of " motion costs " only and might not be issued until the expiration of ten days.

Upon argument it was conceded that the motion be granted if costs of such appeal were actually not " judgment costs." By this concession the inquiry is narrowed to that one point.

Section 584 of the Civil Practice Act provides, so far as pertinent: " Upon appeal from  *  *  *  an order, any appellate court to which the appeal is taken  *  *  *  may reverse  *  *  *  the  *  *  *  order appealed from  *  *  *.  It shall thereupon render  *  *  *  *judgment* of reversal."

Section 1520 of the Civil Practice Act (eliminating matters not here applicable) provides: " Where costs of a *motion*  *  *  *  are not paid within the time fixed for that purpose by the order, or, *if no time is so fixed, within ten days after the service of a copy of the order*, an execution  *  *  *  may be issued  *  *  *."

Although a " judgment " was entered in this case, including costs, as required by section 584, it does not follow that such costs are " judgment costs " susceptible of enforcement against real and personal property by immediate and peremptory execution. The

mere label is not sufficient and inquiry may be directed to the nature of the origin of such costs, and if it appears that the same are actually motion costs the time limitation as to issue of execution applies.

The opposing parties are united in claiming that the case of *Foley* v. *Carter* (214 App. Div. 292) is controlling, each construing the decision therein as in support of his side of this controversy. The only significant statement I find in that case is: " Where, however, a motion is made which *finally determines the action* an award of costs on granting the motion is taxable and properly included in the judgment." (Italics mine.)

In *Sleicher* v. *Sleicher* (137 Misc. 642) Mr. Justice HEFFERNAN had a similar matter to solve. The nature of costs included in a judgment following a Court of Appeals determination was in question. The opinion states, in part: " It seems to me that the costs involved here must be regarded as motion costs. Defendant's motion was for judgment on the pleadings for failure to state a cause of action. In the prosecution of this motion he was ultimately defeated. His proceeding was simply a *motion in that action* and did not constitute a *final determination* thereof * * *. The mere fact that the costs awarded against defendant were labeled *costs of a judgment* is not conclusive. In the last analysis they were *motion costs.*"

The order appealed from in this proceeding was not one finally determining the same. It has been held that a contempt proceeding for the punishment of a non-appearing judgment debtor in supplementary proceedings is but a mere collateral incident and that an order holding the delinquent judgment debtor in contempt and prescribing his punishment is not a final order determining the main supplementary proceedings. (*Matter of Steinman* v. *Conlon*, 208 N. Y. 198, distinguishing *Matter of Depue*, 185 id. 60, and noting amendment to Code Civ. Proc. § 2273, now embraced in Judiciary Law, §§ 760, 761.) (See, also, *Hand* v. *Ortschreib Building Corporation*, 254 N. Y. 15.)

Accordingly, the motion made herein must be granted, with ten dollars costs and disbursements, in favor of the moving party against the opposing Eli Burgher. Stay provided in the show cause order is continued. Costs to be applied upon the judgment. Settle order at Oneonta term, May 2, 1933.