THE DEVONIA DISCOUNT CORPORATION, Plaintiff, *v.* ANGELO H. BIANCHI, etc., Defendant.

City Court of Mount Vernon, Westchester County, October 11, 1934.

*Posner & Posner* [*Reuben V. K. Posner* of counsel], for the plaintiff.

*Palmison, Sirignano & Pagano* [*Louis R. Pagano* of counsel], for the defendant.

BERNSTEIN, J. The judgment entered herein and which the plaintiff seeks to set aside was the result of the following proceedings: A motion was made in this court to set aside and vacate a judgment in favor of the plaintiff and against the defendant. This motion was based upon irregularities claimed by the defendant. This court denied the motion and an appeal was taken from the order entered thereon to the Appellate Division, which reversed the order of this court, with ten dollars costs and disbursements, and granted the motion to vacate and set aside, with ten dollars costs. Upon such order, the defendant entered judgment for the costs awarded by the Appellate Division.

Defendant then issued execution, and obtained an order to examine the plaintiff in supplementary proceedings.

It is this latter judgment and the order in supplementary proceedings based thereon that the plaintiff, by the two motions now before me, is seeking to set aside on the ground that no judgment may be entered for motion costs and, if that be so, that then supplementary proceedings cannot be maintained.

The costs awarded by the Appellate Division were motion costs. (*Matter of Elmore Milling Co.* v. *Burgher*, 147 Misc. 370; *Brangaccio* v. *Weber Piano Co.*, 143 App. Div. 612, 613; *Matter of Stoddard*, 128 id. 759, 760; *Foley* v. *Carter*, 214 id. 292; *Sleicher* v. *Sleicher*, 137 Misc. 642.)

In the last-mentioned case the court said: " Defendant's motion was for judgment on the pleadings for failure to state a cause of action. In the prosecution of this motion he was ultimately defeated. His proceeding was simply a motion in that action and did not constitute a final determination thereof. *Costs upon appeal from an order at Special Term are within the provisions of the section to which reference has been made.* The Court of Appeals held that defendant was not entitled to the relief he sought and the case has since been tried twice. The mere fact that the costs awarded against defendant were labeled costs of a judgment is not conclusive. *In the last analysis they were motion costs.*"

If it be true that the costs awarded by the Appellate Division were motion costs, it follows that no judgment could have been entered by the defendant, because a judgment cannot be entered for motion costs. They may be enforced only as provided in section 1520 of the Civil Practice Act. (See *Schaffer* v. *Welkley*, 141 Misc. 672.)

In the case at bar the costs awarded by the Appellate Division were in an order vacating and setting aside a judgment. This order did not terminate the action; the costs were purely motion costs, and the order was to the effect that a judgment irregularly entered should be vacated and set aside.

A condition precedent to the granting of an order in supplementary proceedings is that there be a valid judgment. (Civ. Prac. Act, § 775.)

It follows from the foregoing that if the defendant could not enter judgment for motion costs, and if the judgment which was entered was irregular and has to be set aside, the order in supplementary proceedings, based on said judgment, must also be set aside and vacated.

Still another motion is pending in this litigation and that is the motion made by the defendant Bianchi (See order to show cause herein dated June 29, 1934) which seeks to stay all proceedings on the part of the plaintiff (Devonia Discount Corporation) until said plaintiff pays the costs heretofore mentioned and awarded by the Appellate Division.

That motion is granted and the motions to set aside the judgment and the order in supplementary proceedings are granted.

Submit order on each of the above-mentioned motions.