FEDERICO F. BASORA, Plaintiff and Appellant, *v.* MANUEL PADILLA, Defendant; BERRÍOS HERMANOS, Intervener and Appellee.

No. 8661. Argued February 8, 1943.—Decided February 23, 1943.

*Ubaldo Aponte* for appellant. *Rafael Dávila Ortiz* for intervener and appellee. *Faustino R. Aponte* for defendant.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The District Court of Humacao dismissed an appeal taken

by plaintiff herein from a judgment rendered by the Municipal Court of Yabucoa on the ground that the transcript of the evidence had not been filed within the period of twenty days after the filing of the appeal, inasmuch as it considered void an extension granted by the municipal court.

The plaintiff appealed to this court from said decision and now the intervener prays for the dismissal of the appeal, alleging that the decision of the lower court is not appealable pursuant to our ruling in the cases of *Marxuach* v. *Aguilar et al.*, 20 P.R.R. 146; *Negrón* v. *Mudafor*, 47 P.R.R. 195, and *Fernández* v. *Arroyo, per curiam* decision of January 16, 1940 (55 *D.P.R.* 997). The appellant objects to the dismissal thereof, and argues that although it has been held in those cases that an order of a district court dismissing an appeal from a municipal court is not appealable to this court, in the cases of *Rodríguez* v. *Banco Popular*, 57 P.R.R. 920, and *Sallaberry* v. *Mundo*, 58 P.R.R. 404, this court passed upon the appeals from the orders of the district courts dismissing the appeals on the ground that the appellant has not sought the setting of the case for a hearing in the lower court. Since, besides these cases cited by the appellant, this court in *Alsina and Morales* v. *Matos*, 15 P.R.R. 170, expressly held the contrary to the ruling in the cases of *Marxuach* v. *Aguilar* and *Negrón* v. *Mudafor, supra*, it seems advisable to review again the question raised and to establish the definite doctrine which should prevail in these cases.

Subdivision 2 of §295 of the Code of Civil Procedure is applicable and provides that:

"An appeal may be taken to the Supreme Court . . .

"1.— *     *     *     *     *     *     *

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars ($300)."

Formerly, in §188 of the same Code, the lawmaker had defined a judgment as "a final determination of the rights of the parties in an action or proceeding." As to what constitutes a "final determination," California Jurisprudence establishes a rule to determine what is really covered by said classification. In §18 of volume 2, Cal. Jur., p. 137, the commentator states the following:

". . . The general test applicable in determining whether a judgment is final or merely interlocutory therefore, is that if anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the judgment is interlocutory only. But if no further questions can come before the court after a judgment has been entered, except such as are necessary to be determined in carrying the judgment into effect, the judgment is final."

Applying this rule, the Supreme Court of California in *Zoller* v. *McDonald,* 23 Cal. 136, held that an order of a county court dismissing an appeal from a justice of the peace is a final decision from which an appeal may be taken to the Supreme Court. Speaking through Mr. Justice Crocker, the court said:

"The order of the County Court dismissing the appeal is the final decision and determination of that Court upon the case before it, which puts an end to the suit; and is, therefore, to all intents and purposes, a judgment, subject to the revision of this Court. It matters not in what form the determination of the suit is put, so that it embodies the final action of the Court, it is sufficient. (*Belt* v. *Davis,* 1 Cal. 135.)"

This doctrine has prevailed in California since 1863, without it having been reversed at any time.

The same conclusion has been reached by the Supreme Court of Arkansas in *City of Batesville* v. *Ball,* 140 S. W. 712, 714; by the Court of Civil Appeals of Texas, in *Ezell* v. *Knapp & Elliott,* 40 S. W. (2d) 1110; by the Supreme Court of Illinois, in *Thomas* v. *John O'Brien Lumber Co.,* 56 N. E. 1113; and by the Supreme Court of New Mexico,

in *Oskins* v. *Miller*, 263 Pac. 766. In New York there is a slight variation when a contested action is involved, and that is, that the order dismissing the appeal is not by itself sufficient but that a formal judgment must be rendered based on said order so as to render it appealable to a superior court. See the case of *Stevens* v. *Central National Bank of Boston*, (N. Y.) 56 N. E. 628. However, in the case of a special proceeding an appeal may be taken directly from an order dismissing the appeal. In the case of *In re Courthouse in City of New York*, 111 N. E. 65, a condemnation proceeding was involved and the Court of Appeals of New York held, referring to an appeal taken from an order of the Appellate Division dismissing an appeal from a judgment of the Supreme Court approving the award of compensation granted to the owner, as follows:

"The learned counsel for the respondent questions our jurisdiction to review the order of dismissal. I think we have jurisdiction. By refusing to hear his appeal the Appellate Division virtually made the order of confirmation absolute. The effect upon the rights of the appellant was the same as an affirmance on the merits would have been. If this had been an action instead of a special proceeding, the proper practice would have been to enter a judgment of dismissal upon the order. *Stevens* v. *Central National Bank of Boston*, 162 N. Y. 253, 255, 56 N.E. 628. A special proceeding, however, regularly terminates in a final order, and this order possesses all the elements of finality. The case cited is authority for the proposition that the courts below cannot deprive this court of jurisdiction by dismissing an appeal thus leaving a judgment or final order in full force against the party claiming to be aggrieved. 'In many cases that would have the same effect upon the rights of the parties as an affirmance.'"

In the *Alsina* case, *supra,* this court, speaking through Mr. Justice Figueras, decided as follows:

"There is no doubt that the decision of the District Court of Ponce dated December 15, 1908, is appealable to this Supreme Court because from its nature it is of final character inasmuch as dismissing the appeal which had been taken in the municipal court of Ponce, *eo instanti,* it put an end to the proceedings instituted. It

is fully included, therefore, under the provisions of subdivision one of section 295 of the Code of Civil Procedure in force, and accepting this we will enter upon a consideration of the other points submitted.''

The reference made to subdivision 1 of §295 of the Code is an error, since the applicable one is subdivision 2, inasmuch as the first one deals with appeals from judgments rendered in actions originating in the district courts.

Even though the Alsina case has never been expressly reversed, as a matter of fact the contrary was decided in the case of Marxuach v. Aguilar, supra, wherein the following was stated:

"Decisions rendered by courts dismissing appeals because of the failure of appellants to comply with certain requisites in order to be heard, are not actual judgments although they are entered as such and have the effect of affirming the judgment appealed from, because they do not go to the merits of the case but are only a refusal to hear and decide the appeal. Harrington v. Holler, 111 U. S., 796; Wenar v. Jones, 217 U. S., 593, applied by us in the case of Cautiño et al. v. Muñoz et al., 19 P.R.R. 1010. Consequently these decisions are not included among the judgments referred to in subdivision 2 of section 295 of the Code of Civil Procedure as amended in the year 1905.''

Relying on this authority, the same conclusion was reached in the cases of Negrón v. Mudafor and Fernández v. Arroyo, supra. The reasoning set forth by the Federal Supreme Court in the case of Harrington v. Holler, supra, was as follows:

"An order of the Supreme Court of Washington Territory dismissing a writ of error to a District Court, because of the failure of the plaintiff in error to file the transcript and have the cause docketed within the time required by law, is not a final judgment or a final decision within the meaning of those terms as used in sections 702 and 1911 of the Revised Statutes regulating writs of error and appeals to this court from the Supreme Court of the Territory.''

Now, in a series of cases: Guerra v. Carrión, 47 P.R.R. 757; Cobián v. Espina, 50 P.R.R. 178; A. S. Aloe & Co.

v. *Talavera*, 56 P.R.R. 188; *Rodríguez* v. *Banco Popular*, 57 P.R.R. 920, and *Sallaberry* v. *Mundo*, 58 P.R.R. 404, among others, this court has considered and decided appeals from orders of the district courts dismissing appeals from the municipal courts on the ground that the appellant failed to comply with §3 of the Act to Regulate Appeals from Judgments of Municipal Courts in Civil Cases, of 1908, (Comp. Stat. 1911, §§5332–5337), as amended by Act No. 31 of 1934 (Laws of 1934, p. 292) as to the duty of the appellant to "request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case." In some cases we dismissed the appeal, not because the order of the lower court was not appealable, but because the same was frivolous, while in the case of *Sallaberry* v. *Mundo, supra,* the order was reversed and the case remanded for further proceedings.

We really do not see any reason to establish different rules in these cases. The failure to file the transcript in the lower court within the period of twenty days fixed by §1 of the Act of 1908, as well as the failure to request the inclusion of the action in the calendar in the first reading, as provided by §3 of the same act, are questions of procedure compliance with which is imposed on the party who appeals to the district court from a judgment rendered by the municipal court. The noncompliance with either of said requirements carried with it the same result; dismissal of the appeal by the district court. The orders issued to that effect are final, and even though none of them goes to the merits of the case, for all legal purposes they put an end to the controversy and determine the rights of the parties. The fact that it is called an order and not a judgment is a mere technicality, and citing once more Mr. Justice Cardozo, we shall state that: "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal." The district court may commit

error in dismissing an appeal from an order as well as from a judgment and in fact we held in the case of *Sallaberry* v. *Mundo, supra,* that it committed error in construing §3 of the Act, *supra.* It is true that in *Alvarez* v. *District Court,* 57 P.R.R. 630, and *Schwab* v. *District Court,* 55 P.R.R. 201, resort was had to the remedy of certiorari to review the same question, but in none of those cases, where the remedy of appeal was resorted to, was the same dismissed on the ground that it was not the proper remedy.

We are of the opinion that the doctrine laid down in the cases of *Marxuach* v. *Aguilar, Negrón* v. *Mudafor* and *Fernández* v. *Arroyo, supra,* should be considered as overruled, and we hold that the order rendered by the lower court is appealable, following the rule established by the Supreme Court of California, and by this court in the *Alsina* case, *supra,* and, therefore, the motion for dismissal should be denied.