**165 P.2d 995**

**DAVIS et al. v. KLEINDIENST.**

**No. 4870.**

Supreme Court of Arizona.

Feb. 11, 1946.

P. H. Brooks, of Winslow, for appellants.

C. D. McCauley, of Winslow, and Moeur & Moeur and Charles N. Walters, all of Phœnix, for appellee.

**LaPRADE, Judge.**

We have before us for consideration appellee's motion to dismiss the appeal. The motion is grounded upon the fact that the record on appeal was not transmitted to the supreme court within the time required by the provisions of Rule 73(g), Rules Civ.Proc., being Section 21-1817, A. C.A.1939. Ordinarily this court does not prepare written decisions on motions of this character, but we feel it advisable to do so in the instant case as we did in the recent case of Sweeney v. Winslow Gas Company, 64 Ariz. 51, 165 P.2d 316. Our experience indicates that even though the new Rules of Civil Procedure have been in effect better than five years both members of the bench and bar appear to be confused and uncertain as to the method of prosecuting an appeal to this court. This, in part, has been occasioned by the fact that many of the old code provisions relating to pleading, practice, and procedure have been retained as rules of court in conjunction with the new rules. Ch. 8, S.L.1939.

The fact situation as appears from the record in the instant case indicates that notice of appeal was filed July 10, 1945. By the provisions of Rule 73(g), Section 21-1817, Id., the record on appeal should have been transmitted within 40 days or on or before August 19, 1945. Counsel represent that it was physically impossible for appellant to have the reporter's transcript prepared so as to be available for filing within the prescribed time. Appellant within the 40-day period did not secure an order extending the time within which the record might be transmitted on appeal. For several days prior to the expiration of the 40-day period (August 19th), the trial judge was without the county and no judge was available to whom an application could be presented for an order extending the time. Before the expiration of the 40-day period, appellant had taken no steps to secure the review of the judgment other than to file notice of appeal and a supersedeas bond. Under the provisions of Rule 73(a), Section 21-1802, Id., appellant had perfected his appeal merely by filing his notice of appeal regardless of the fact that he took no further steps to prosecute the same. See Lount v. Strouss, 63 Ariz. 323, 162 P.2d 430; Sweeney v. Winslow Gas Co., 64 Ariz. 51, 165 P.2d 316. In view of the fact that appellant had not filed a designation of the contents of the record required on appeal as provided in Rule 75(a), Section 21-1819, Id., there was no record for the clerk to transmit other than the pleadings; the verdict or the findings of fact and conclusions of law, together with the direction for en-

try of judgment thereon; the judgment; and the notice of appeal with date of filing. See Rule 75(g), Section 21-1825, Id. For the guidance of clerks of superior courts we hereby direct attention to the fact that they should comply with Rules 73(g) and 75(g) and transmit such record as they have within 40 days from the date of filing of notice of appeal, or within such time as may have been granted or extended by an order made before expiration of the period for transmitting as originally prescribed.

▉▉▉▉ Counsel for appellant, being aware of the fact that he had not filed a designation and not having served a concise statement of the points on which he intended to rely on appeal, in compliance with Rule 75(d), Section 21-1822, Id., realized that there would be no review of the judgment in this court. For all practical purposes appellant was in the position of having abandoned his appeal.. Accordingly, on August 25, 1945, appellant filed a second notice of appeal, but no new supersedeas bond. On the same date he filed his designation of the portions of the record that he required on appeal and included therein the reporter's transcript of the evidence, but he did not file with his designation two copies of the transcript. Counsel for appellee consented to this failure to file copies of the reporter's transcript by entering into a stipulation filed August 25th permitting appellant to file the transcript on or before September 28th, on which last-mentioned date it was filed. On September 30th, counsel for appellant requested the trial. judge to ap-

prove the reporter's transcript, which the trial judges refused to do until the various provisions of Section 22-204, Id., had been complied with. This section allows the parties served with a transcript of the reporter's notes twenty days within which to examine and agree to the correctness of the transcript or to specify wherein it is defective. No appeal could be promptly prosecuted and transmitted to this court within the time prescribed .by the new rules if this Section 22-204 were in effect. This section was retained from the 1928 Revised Code § 3866. By the specific provisions of Rule 75(h), Section 21-1826, Id., it is not necessary for the record on appeal to be . approved by the superior court or judge thereof. We hold that when the reporter's transcript has been designated as a part of the record it is not necessary that it be approved by the trial judge unless the correctness of the same is contested, as provided in Rule 75(h). This interpretation of the rule is in conformity with recent Federal decisions. See William Howard Hay Foundation v. Safety Harbor Sanatorium, Inc., 5 Cir. 1944, 141 F.2d 952, and Middleton v. Hartford Accident & Indemnity Co., 5 Cir., 1941, 119 F.2d 721. We hold that Section 22-204, Id., has been superseded and eliminated from our practice by the enactment of the new rules. At the request of the trial judge, counsel complied with the provisions of section 22-204, Id. The judge did not approve the reporter's transcript until November 14th, on which date the clerk transmitted the record on

appeal to this court. On November 28th, appellant filed his abstract of record, and on December 4th his opening brief. On December 14th, appellee secured from appellant a stipulation extending the time within which to file appellee's answering brief to February 1, 1946. On January 22, 1946, appellee filed in this court his motion to dismiss the appeal. This motion came subsequent to our decision in the Sweeney case, supra.

The second notice on appeal was filed on August 25th. If this second notice of appeal was effective, October 4th would have been the last day for the clerk to transmit the record on appeal. It is made to appear that the clerk did not transmit the record on appeal because he had misplaced two of the exhibits and the trial judge had not approved the reporter's transcript. As above indicated, the clerk should have transmitted the record or such portion as he had before the expiration of the period for transmitting as originally prescribed (40 days) or as extended by previous order. The record on appeal indicates that subsequent to giving the second notice on appeal, appellant promptly complied with the rules. The fact that the record was not transmitted on appeal was not due to any want of diligence on his part, and we feel that he should not be penalized by having his appeal dismissed for a set of circumstances beyond his control. We pointed out in the Sweeney case, supra [165 P.2d 322], that "In meritorious circumstances we can and will overlook irregularities in perfecting an appeal."

As above pointed out, for all practical purposes the appellant had abandoned his appeal predicated on the first notice of appeal. His second notice of appeal was filed within 60 days from entry of judgment as provided in Rule 72, Section 21-1801, Id. Counsel for appellee have not suggested that appellant's failure to follow his first notice of appeal with the timely filing of a designation of the records required on appeal and reporter's transcript, together with the failure of the clerk to transmit the record, exhausted the right to appeal regardless of the time prescribed by law for appealing, and that this court should dismiss the appeal under its authority contained in Rule 73(a), Section 21-1802, Id. We do not feel constrained to pass on this point in the absence of a thorough and informative presentation. A cursory examination on our part indicates that it is the rule in many states that failure to perfect an appeal or abandonment of an appeal by party having the right to appeal does not in the least impair such party's right to give notice of and perfect a new independent appeal, provided only that such new appeal is perfected within the time prescribed by law. See Carstens & Earles v. City of Seattle, 84 Wash. 88, 146 P. 381, Ann.Cas.1917A, 1070, citing numerous Washington cases; Calvert v. Calvert, 52 Utah, 598, 176 P. 731; Oskins v. Miller, 33 N.M. 104, 263 P. 766; Sharp v. Brown, 37 Idaho 582, 217 P. 593; 4 C.J.S., Appeal and Error, § 34.

72

If substantial justice is to be done, we are compelled to point out that appellant by posting a supersedeas bond on his first attempted appeal thereby suspended execution of the judgment, and in so doing has effectively hindered, delayed, and deprived appellee of his award and relief under the judgment. Appellant should not be permitted to treat his first appeal as abandoned and prosecute a second appeal without giving a new supersedeas bond, and such practice will not receive the approval of this court. In view of the conclusions stated herein, the motion to dismiss the second appeal will be denied provided appellant within ten days files a new supersedeas bond in an amount to be fixed by the trial court in contemplation of the present circumstances and conditions and with a view to financially protecting the appellee in the event the appeal on the merits is determined adversely to the appellant.

STANFORD, C. J., and MORGAN, J., concurring.