## In re ARMOLD.

### ARMOLD v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.
#### Nos. 5720, 5730.

Circuit Court of Appeals, Seventh Circuit. April 20, 1936.

Herbert C. Lust, of Fowler, Ind., for appellant.

Henry I. Green and Enos L. Phillips, both of Urbana, Ill., and Ralph T. Maloney, of Champaign, Ill. (Green & Palmer, of Urbana, Ill., of counsel), for appellee.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

SPARKS, Circuit Judge.

No. 5720 is an appeal under section 24a of the Bankruptcy Act (11 U.S.C.A. § 47(a), and No. 5730 is a petition for permission to appeal under section 24(b) (11 U.S.C.A. § 47(b), from an order of the District Court denying the debtor's petition to vacate an order appointing a receiver in bankruptcy for the debtor's estate.

In this court appellee filed its motion to dismiss the appeal in No. 5720, and tendered its objections to granting an appeal by this court in No. 5730. An early hearing was desired by both parties, and the court thereupon set a day for hearing appellee's motion and objections, and also for hearing the case on its merits in case appellee's motion and objections, or either of them, should be denied. Each case presents the same record and the same questions, and but one set of briefs was filed by each party.

Appellant's assignments of error present but one question, whether the court erred in denying the debtor's petition to vacate its order of November 18, 1935, appointing a receiver of his estate. We are convinced that this query involves a proceeding in bankruptcy rather than a controversy, and that appellant properly sought permission to appeal under section 24b. That permission is therefore granted, and we shall consider the appeal in No. 5730 on its merits. Appellee's motion to dismiss the appeal in cause No. 5720 is sustained, and that appeal is dismissed. Since the question raised did not amount to a controversy in a bankruptcy proceeding within the purview

of section 24a, the District Court was without power to grant it.

The pertinent facts are as follows: In 1919 the debtor bought a farm of one hundred twenty acres in White County, Indiana. On May 20, 1924, he borrowed $8,100 from appellee, and executed his mortgage on the farm to secure the payment of the loan. Since November 1, 1931, the debtor has paid no interest on the loan, and on January 8, 1935, appellee filed its bill in the United States District Court, Northern District of Indiana, to foreclose its mortgage. That action is still pending. On March 4, 1935, the debtor filed his petition in that court under section 75 of the Bankruptcy Act, as amended (see 11 U.S.C.A. § 203), for composition or extension of his debts. His offer of composition was rejected by his creditors and he thereupon amended his petition and asked to be adjudicated a bankrupt under subsection (s) of section 75, which is known as the first Frazier-Lemke Act (Act June 28, 1934, 48 Stat. 1289). That act was declared unconstitutional on May 27, 1935 (Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106) and it was amended August 28, 1935 (section 6, 11 U.S.C.A. § 203(s). On October 8, 1935, the debtor again amended his petition, in conformity with the amended Frazier-Lemke Act, asking to be adjudicated a bankrupt, for stay of proceedings, and for possession and purchase of his property. He was adjudicated a bankrupt on October 10, 1935.

■ On November 18, 1935, the District Court, on appellee's motion, appointed a receiver "to take and have custody, control and supervision of all the property and estate of said debtor until the further order of this court." The order further provided: "That said receiver may, if the debtor so requests, permit the debtor to retain physical possession of such part of such property and upon such terms as in the judgment of said receiver be in the best interests of the farmer debtor and his creditors." To this order the debtor excepted, and on December 17, 1935, he filed a petition in the District Court asking leave to withdraw his petition filed December 4, 1935, requesting that the adjudication entered be vacated, "and for leave to dismiss his amended petition, and this proceeding;" also that the order of reference entered under that petition be vacated and set aside, and for general relief. Thereupon the court vacated the order of reference and granted the debtor leave to withdraw his petition, but the order of adjudication was undisturbed. On the same day the bankrupt filed his petition in the District Court to vacate the order of November 18, 1935, appointing the receiver. This petition was denied, and from that ruling this appeal is prosecuted.

Appellant contends that this ruling of the court in effect was a holding that subsection (s) of section 75 of the Bankruptcy Act, as amended by the Act of August 28, 1935, § 6, is unconstitutional. His argument is that the Bankruptcy Court had no power to appoint a receiver except under section 2 (3) of the Bankruptcy Act (11 U.S.C.A. § 11 (3) which he contends was superseded by amended subsection (s) of section 75, provided that amendment is constitutional. This much being assumed, he insists that the District Court must have appointed the receiver under section 2 on the theory that amended subsection (s), § 75, was unconstitutional.

This record does not disclose under what section of the statute the court made the appointment, nor does it disclose any intention on the part of the court to hold any part of the act unconstitutional. That question was not before the District Court in making the appointment, nor is it before us. Appellant erroneously assumes that the court had no power to appoint a receiver under amended section 75. Under this section the power of the court over the bankrupt's property is almost unlimited in preserving and protecting it for the best interests of both the debtor and the creditors. See subsections (e), (n), (p), and (s), § 75, as amended (11 U.S.C.A. § 203(e, n, p, s). Grave duties and responsibilities are thereby laid upon the court, and we see nothing in the law to prevent it from performing those duties and meeting those responsibilities with the aid of receivers, custodians or any other officers of the court, whenever occasion demands it. It would be a physical impossibility for a judge of the court personally to attend to all such duties, and we know of no enactment of Congress which indicates such requirement.

■■ Appellant relies upon paragraph (4) of subsection (s) of section 75, as amended, 11 U.S.C.A. § 203(s) (4), to support his contention: "If, at the time that the farmer debtor amends his petition or answer, asking to be adjudged a bankrupt, a receiver is in charge of any of his property, such receiver shall be divested of possession, and the property returned to the pos-

session of such farmer, under the provisions of this title." The receiver, however, had not been appointed when the debtor amended his petition and asked to be adjudged a bankrupt. Moreover, we are convinced that the receiver here mentioned refers only to equity receivers or those of a similar character, and not to a receiver in bankruptcy. It will be noticed also that the property, in such case, shall be returned to the farmer under the provisions of the act. The other provisions of the act make it quite clear that Congress never intended that the bankrupt's property should be turned over to him except upon such terms as the court might prescribe under the law. The order of appointment before us provided for the return of the bankrupt's property to him upon terms that were fair, yet the record discloses no effort on his part to comply with those terms.

The order is affirmed.