## In re GUANAJUATO REDUCTION & MINES CO.

### No. 23753.

District Court, D. New Jersey.
Oct. 26, 1939.

Walter R. Carroll, of Camden, N. J., for the motion.

Andrew B. Crummy and William A. Consodine, both of Newark, N. J., opposed.

AVIS, District Judge.

On July 27, 1939, an order was entered making certain allowances to trustees, counsel and other interested parties in the above named reorganization proceeding. On August 26, 1939, Andrew B. Crummy and William A. Consodine, for themselves and as associate counsel for and on behalf of certain bondholders and stockholders of the debtor corporation, filed a notice of appeal with the clerk of this court. Said notice of appeal at the end thereof bore the following inscription: "Dated: Newark, N. J. August 21, 1939." An order extending time for filing the record on appeal and docketing the action was entered October 3, 1939. The order provided for an extension of 21 days following the fortieth day after the filing of the notice of appeal on August 26, 1939.

On October 5, 1939, Walter R. Carroll, for himself and also for David Baird, Jr., and George M. Flint, individually and as trustees in the above stated cause, gave notice to Crummy and Consodine of a motion to be heard on October 13, 1939, to vacate the order dated October 3, 1939, alleging that that order had been improvidently made, as the 40 days limited by the rules for filing the record and docketing had expired prior to October 3, 1939.

The motion has been heard and argued. There are two rules of Civil Procedure applicable to the issues raised.

The first, Rule 73(a), 28 U.S.C.A. following section 723c, the applicable part of which reads as follows: "When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment by filing with the district court a notice of appeal."

The second, Rule 73(g), the pertinent part of which is as follows: "The record on appeal as provided for in Rules 75 and 76 shall be filed with the appellate court and the action there docketed within 40 days from the date of the notice of appeal * * *. In all cases the district court in its discretion and with or without motion or notice may extend the time for filing the record on appeal and docketing the action, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or as

extended by a previous order; but the district court shall not extend the time to a day more than 90 days from the date of the first notice of appeal."

It will be noted that the notice of appeal was filed on August 26, 1939, bearing a date line of August 21, 1939, and that the order of October 3, 1939, extending the time was 43 days from August 21st and 38 days from August 26th.

Counsel for the motion contends that a proper construction of the words "from the date of the notice of appeal" is applicable to the date line typed on the notice itself, regardless of the time of taking the appeal.

I do not find that any court has yet construed this language, and nothing was said about it in any of the reported Institute meetings. In Moore's Federal Practice Under the New Federal Rules, on page 3396 in Volume 3, note 15, attention is called to the fact that the words "date of the notice of appeal" require that careful counsel will see that the notice bears date as of the date of filing. This is an indication that the date the notice bears is the time from which the 40 days begins to run.

I cannot agree with this suggestion. After careful consideration, I am satisfied that the word "date" does not refer to a date line in the notice, but to the date or *time* when the notice was filed. Until it is filed the notice means nothing, and, in my opinion, the word "date" refers not to the actual date line but to the day when the appeal became actually effective.

It is true that the rule would be unambiguous and clear if the sentence should read "from the date of filing of the notice of appeal", and I am convinced that the language should be so construed.

This construction does not mean a judicial amendment of the rule, but, to me, is a fair construction of the language set forth. Any other construction would make the rule entirely inoperative and illegal. The statutes fix certain periods for appeals— from 30 to 40 days in bankruptcy matters to 3 months in civil proceedings. If an attorney puts a date line on his notice of appeal, prepared the day after judgment was entered, but filed it the 41st day after judgment by reason of negotiation with his client's opponent, could it be said that he had thereby lost his right in civil proceedings to have 3 months to file his appeal notice? I think not. But if construed as

counsel for the motion argues, this would necessarily be the result.

Under Rule 73(a) the appellant filed a notice of appeal on August 26, 1939; that was the date or time of notice of appeal, and the "date" referred to in Rule 73(g) and which started the running of the 40 day period.

The motion to vacate will be denied, and as the period of 40 days and 21 days extra expires on October 26, 1939, the Court will extend the time for filing the record on appeal and docketing the action for a period of 11 days from that date, or until November 6, 1939 as requested in memorandum submitted by appellant. Orders accordingly.