UNITED STATES ex rel. REMPAS v. SCHLOTFELDT, District Director of Bureau of Immigration and Naturalization.

No. 7607.

Circuit Court of Appeals, Seventh Circuit.

Oct. 11, 1941.

J. Albert Woll, U. S. Atty., and Paul Levin, both of Chicago, Ill., for appellant.

Jay J. McCarthy, of Chicago, Ill., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is an appeal by the District Director of the Bureau of Immigration and Naturalization from an order of the District Court of the United States for the Northern District of Illinois, Eastern Division, granting a writ of habeas corpus which released the appellee, Panagiotis Vasilios Rempas, known in this country as Peter William Rempas, from custody of the Director, who held said Rempas under the authority of a warrant issued by the assistant to the Secretary of Labor, for the deportation of said Rempas to his native country, Greece, on the ground that he was in this country after July 1, 1924, in violation of 8 U.S.C.A. § 213. The petition for habeas corpus was filed in the District Court December 20, 1939. After hearing, the District Court entered an order on September 21, 1940, discharging said Rempas from the custody of the Director. This is the order from which an appeal to this court was attempted.

The notice of appeal was given in the District Court on December 20, 1940. On March 4, 1941, the appeal had not been docketed in this court. Thereupon, the appellee produced a certificate of the Clerk of the District Court, showing that the appeal had been taken on December 20, 1940, and moved to docket the case and then to dismiss it for failure of the appellant to docket the appeal within forty days from the date the notice of appeal was given, as provided for in Rule 11 of this Court, and Section 73(g) of the Rules of Civil Procedure for the District Courts of the United States. 28 U.S.C.A. following section 723c. This motion was denied "without prejudice to the right of the appellee to renew the motion to dismiss at hearing on the merits; and granting leave to respondent-appellant to docket the cause instanter." At the argument on the motion in this Court October 7, 1941, the appellee renewed his motion to dismiss the appeal for the reasons above stated.

Rule 73(g) of the Code of Civil Procedure provides that appeal shall be docketed in the Appellate Court within forty days from the date of notice of the appeal unless the time be extended. The time was not extended in this case. No excusable neglect was shown. In fact, it was admitted by counsel for the Government that the failure was entirely due to his negligence.

Paragraph (a) of Rule 73 provides:

"How Taken. When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment by filing with the district court a notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

█ It is therefore apparent that the failure of the appellant is subject to such action as this Court may in its discretion take. Burke v. Canfield, App.D.C., 111 F. 2d 526, 527.

Rule 11 of this Court provides:

"1. It shall be the duty of the appellant to file the certified transcript of the record on appeal with the clerk of this court within 40 days from the date of the notice of appeal. The time for docketing may be enlarged as provided in Rule 73(g) of the Federal Rules of Civil Procedure. Such orders of enlargement or copies thereof, shall be included in the record on appeal.

"2. If the appellant shall fail to comply with this rule, the appellee may have the appeal docketed and dismissed, upon producing a certificate from the clerk of the district court certifying that such appeal has been duly taken. And in no case shall the appellant be entitled to docket the appeal after the time allowed under this rule, unless by special leave of this court."

■ This rule and paragraph (j) of Rule 75 are sufficient to authorize this court to permit the case to be docketed on March 4, 1941, and reserving the right to the appellee to renew his motion to dismiss when the case shall come on for argument on the merits.

■■ The rules of procedure were intended to expedite and simplify the practice and procedure. Ample provision is made in the rules to relieve against hardship and excusable neglect. There is no room for inexcusable neglect and long delay, and where both appear, as in this case, it seems to us a good time to indicate that the rules of this Court and of the Code of Civil Procedure have some meaning and purpose.

The motion to dismiss the appeal is granted and the appeal is dismissed.