MORROW et al. v. WOOD et al.

No. 10234.

Circuit Court of Appeals, Fifth Circuit.

March 20, 1942.

Forrest B. Jackson, of Jackson, Miss., and Geo. T. Mitchell, of Tupelo, Miss., for appellants.

Byrd P. Mauldin and A. M. Mitchell, both of Pontotoc, Miss., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

1022

McCORD, Circuit Judge.

Appellees have filed a motion to dismiss the appeal on the grounds that (1) notice of appeal was not filed within the time or in the manner prescribed by law, and (2) that the record was not filed and docketed in this court within the time prescribed. The appellants have filed a response to appellees' motion, and both sides have submitted briefs.

Judgment for plaintiffs for $6,000 was entered in the court below on October 17, 1941, and on the same day defendants' motion for a new trial was overruled. For former appeal see 119 F.2d 776. On October 30, 1941, on motion of defendants, an order was entered fixing the amount of the supersedeas bond. Defendants filed with the clerk a transcript of the court stenographer's notes on November 8th, the supersedeas bond on November 25th, and the praecipe and designation of record on December 12th. Appellees had notice of these proceedings. More than ninety days after entry of the judgment, and on February 9, 1942, the defendants filed their notice of appeal, and on February 16, 1942, the transcript of record was filed with the clerk of this court.

An appeal must be taken within three months after the entry of judgment in the district court. This requirement is mandatory and jurisdictional. 28 U.S.C.A. § 230; Vaughan v. American Ins. Co., 5 Cir., 15 F.2d 526; Northwestern Public Service Co. v. Pfeifer, 8 Cir., 36 F.2d 5; Cf. Crump v. Hill, 5 Cir., 104 F. 2d 36.

Rule 73(a) of the Rules of Civil Procedure [28 U.S.C.A. following section 723c], and the rules of this court provide that an appeal may be taken "by filing with the district court a notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal." The timely filing of the notice of appeal is a vital step in the perfection of an appeal. Appellants failed to comply with this requirement and the case is not properly before us. See Luce & Co. v. Cintron, 1 Cir., 73 F.2d 481; Benitez v. Bank of Nova Scotia, 1 Cir., 109 F.2d 743, 745.

Aside from this, however, if, as appellants contend, the proceedings that were taken constituted such substantial compliance with law as to give this court jurisdiction to entertain the appeal, we think the appeal should be dismissed for failure to comply with Rule 73(g) of the Rules of Civil Procedure, and the rules of this court. Cf. Crump v. Hill, supra. The last of the series of steps relied upon by appellants as perfecting the appeal was taken on December 12, 1941. Under any view of the case the transcript of record was required to be filed and docketed in this court within forty days thereafter. The record was not filed and docketed within that time, nor was an extension of time applied for or granted. Cf. Brennan v. United Fruit Co., 5 Cir., 108 F.2d 710.

It is true that in meritorious cases we can and do overlook irregularities in perfecting the appeal. Such case is not here presented. The appeal is dismissed.

HUTCHESON, Circuit Judge, concurs in the result.