## In re GAMMILL.

## GAMMILL v. FEDERAL LAND BANK OF ST. LOUIS, et al.

Circuit Court of Appeals, Seventh Circuit.
May 26, 1942.

J. E. Dazey, of Findlay, Ill., U. G. Ward, of Shelbyville, and Elmer McClain, of Lima, Ohio, for appellant.

Craig Van Meter and Craig & Craig, all of Mattoon, Ill., and Lovell George, of St. Louis, Mo., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

PER CURIAM.

Appellant, by his counsel, J. E. Dazey, U. G. Ward, and Elmer McClain, asks leave to docket his appeal although time for such docketing has expired accord-

ing to the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The appeal he seeks is from an order entered by the District Court on January 6, 1942, rehearing denied January 20. Notice of appeal was duly filed on February 5. Under the Rule 73(g) of Civil Procedure and our Rule 11(2), the cause should have been docketed within forty days thereafter, or by March 17, unless time were extended by order of the District Court or this court. No such extension was asked of this court, unless the motion now under consideration be construed as such. An application for extension was filed in the District Court on May 5, but since the record had already been transmitted to this court, and since the District Court has no authority to grant extensions except within the period for filing and docketing, of course this application was wholly ineffectual.

On May 4, appellant filed his motion in this court for leave to docket and file the record of his appeal. He presents two reasons for his delay in docketing and filing the record: 1. He "expected the differences between the parties to be settled between them without the necessity of an appeal. * * * On April 14, 1942, the appellant became convinced that the negotiations and pending litigation in the state court and in the district court below would not result in a satisfactory settlement and the appeal would have to be prosecuted."

As to this settlement, one of the appellees categorically denies that it ever engaged in any negotiations looking to settlement, and says that nothing was ever said or done which could have been considered by the farmer-debtor as an indication that a settlement would ultimately be effected. The other appellee sets forth some correspondence between January 15 and 22, on the latter of which dates an offer unsatisfactory to it was refused. It says that this was all that might be considered "settlement negotiations" and it all took place prior to appellant's filing of his notice of appeal, February 5.

2. Appellant states that although he had his designation and statement of points prepared as rapidly as possible, and they were in fact ready by April 18, illness of his counsel, J. E. Dazey, prevented the filing and service upon appellees thereof until April 24. However, the record sought to be filed herein indicates that since September, 1941, appellant has been represented by three co-counsel, and no reason is shown why, if one were ill, the others could not carry out the necessary steps in the cause. Moreover, we note that two of the counsel, McClain and Dazey, have previously introduced in other proceedings before this court, an affidavit to the effect that Dazey became ill on or about May 21, 1940, and that from that time since he had not been able to attend to any case in court. See In re Pfister, 7 Cir., 123 F.2d 543. In view of that condition, it seems strange that appellant relied upon Dazey rather than upon co-counsel to take the necessary procedure in his case.

While the Rules of Civil Procedure provide that, with the exception of the requirement of timely notice of appeal, none of the steps to secure review of a judgment appealed from are jurisdictional (Rule 73(a), it is clear that the rules are expected to be followed, and that unless reasons satisfactory to the court are advanced as a basis for special relief from their provisions, it will take such action as it deems appropriate. In this case, such action would be denial of leave to docket the appeal, which leave is required by Rule 11(2) of this court: "And in no case shall the appellant be entitled to docket the appeal after the time allowed under this rule, unless by special leave of this court." We do not find the reasons set forth by appellant sufficiently persuasive to justify relaxation of Rule 73(g) or our rule 11(2). Cf. Burke v. Canfield, 72 App.D.C. 127, 111 F. 2d 526; United States v. Schlotfeldt, 7 Cir., 123 F.2d 109.

Motion for leave to docket appeal denied