900

## FRED BENIOFF CO. v. McCULLOCH, Judge.

Circuit Court of Appeals, Ninth Circuit.

Feb. 19, 1943.

Roy C. Hackley, Jr., of San Francisco, Cal. (Hackley & Hursh, Jack E. Hursh, Jaffa & Sumski, Edward M. Jaffa, and Barnett Sumski, all of San Francisco, Cal., of counsel), for petitioner.

No other appearances were entered.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner seeks leave to file its petition for a writ of mandate ordering respondent to vacate an order for the taking of depositions of certain witnesses in New York by oral examination. The district court required, as a condition precedent to ordering the taking of the depositions by such examination, the payment by petitioner of the costs, in the amount of $1,681.14, of the travel expenses and fees of its opponent's counsel to attend and participate in the taking of the depositions. Petitioner claims the order imposing such costs is beyond the power conferred upon the district court by Section 30(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The question of the legality of the imposition of such costs is one which may be entertained by us on appeal if petitioner win on the merits. Newton v. Consolidated Gas Co., 265 U.S. 78, 83, 44 S.Ct. 481, 68 L.Ed. 909. If it lose on the merits its appeal on the entire case brings before us error claimed in such interlocutory orders not immediately appealable.

What the petitioner asks of us is that we prevent an appeal on this question of costs by a prior decision on the merits of its contention in a mandamus proceeding. This we have not the power to do. Such prevention of an appeal is not action in aid of our appellate jurisdiction, which is the only ground upon which the court may grant the writ of mandamus. 28 U.S.C.A. § 377, 36 Stat. 1162.

The petition is denied.

WILBUR, Circuit Judge, concurs in the result.