control of the assets of the bankrupt estate. This court has no such jurisdiction in bankruptcy matters. 11 U.S.C.A. § 47. The motions are dismissed.

## BEECHER v. FEDERAL LAND BANK OF SPOKANE, WASH., et al.

### No. 10391.

Circuit Court of Appeals, Ninth Circuit.

Dec. 30, 1944.

## BEECHER v. FEDERAL LAND BANK OF SPOKANE, WASH., et al.

### No. 10391.

Circuit Court of Appeals, Ninth Circuit.

Dec. 30, 1944.

See also 146 F.2d 934.

Charles A. Christin, of San Francisco, Cal., for appellant.

Henry R. Newton, of Spokane, Wash., for appellee Federal Land Bank of Spokane.

C. D. Randall, of Spokane, Wash., and Herman Howe, of Seattle, Wash., for appellee, Leavenworth State Bank.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

See also 143 F.2d 580.

Charles A. Christin, of San Francisco, Cal., for appellant.

Henry R. Newton, of Spokane, Wash., for appellee Federal Land Bank of Spokane.

C. D. Randall, of Spokane, Wash., and Herman Howe, of Seattle, Wash., for appellee Leavenworth State Bank.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Beecher, a farmer debtor, appeals from eleven orders made in his proceeding under Section 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s.

After failure to secure the assent of his creditors to an offer of composition, S. P. Beecher, farmer debtor and here the appellant, filed an amended petition under section 75, sub. s, and was adjudicated a bankrupt. On March 4, 1940, the proceedings were referred to John Spiller, Conciliation Commissioner for Chelan County, Washington. The numerous appeals and motions to be considered in this cause arise out of subsequent proceedings before the commissioner and the district court.

Pursuant to the procedure laid down by the Act, the commissioner on appellant's motion filed March 30, 1940, entered an order appointing three appraisers. These qualified, appraised the property scheduled, and filed an appraisal report. The report showed that bankrupt owned an orchard property appraised at nine thousand dol-

lars, about eight hundred acres of pasture appraised at seven hundred and fifty dollars, and some personal property.

Appellee Federal Land Bank of Spokane is a secured creditor as to nearly all the orchard property under purchase at a sheriff's sale held April 29, 1939, and Leavenworth State Bank is a creditor with a lien on all the orchard property under a state court decree entered January 6, 1940.

After notice to the creditors, and on application of appellant for an order (1) vesting in appellant the possession of the orchard property for three years under the supervision of the court; (2) staying all judicial or official proceedings against the orchard property for three years; and (3) fixing the rental value of the orchard property. The commissioner granted the application and fixed the rental of the orchard at 50% of the net proceeds of the sale of fruit raised thereon, and determined the date of payment of the rental. He also directed appellant to file monthly statements of receipts and expenditures.

The farmer debtor did not seek review of this order, which in response to his application vested in him possession for three years of the major part of his property, including the entire orchard unit. With the use of the farm machinery and an automobile, he farmed the orchard for three years and two months, until, under circumstances later considered, the property was placed in the hands of a receiver.

Appellant again applied to the commissioner for a second order of possession, rental and stay as to property not covered by his first application. The commissioner on March 31, 1941, made such an order concerning the farm machinery and automobile and personal property which had been in his possession and use, and repeating provisions of his first order, but antedating the second order to the date of the first order. Appellant did not petition for review of this second order of the commissioner within the ten days provided in Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, and the District Court denied its review later petitioned. From this denial of review appellant appeals.

■ In view of the fact that appellant in fact had had the use and possession of all that he asked for in his second application from the time of the commissioner's first order we cannot hold that the court abused its discretion in denying the re-

view sought after the ten days allowed by the statute. Pfister v. Northern Illinois Finance Corporation, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146.

■ Appellant also appeals from an order of October 23, 1942, determining the rental due for 1940 and 1941 under the order of April 30, 1940. On July 7, 1942, appellant filed a report showing receipts and expenditures from the orchard property for 1940 and 1941. No money was paid into court as rental. On September 8, 1942, appellee Federal Land Bank of Spokane filed a petition for a hearing on the report and a determination of the amount of rental which was payable for 1940 and 1941. After a hearing and the presentation of evidence, the court determined the amount due under the rental order of April 30, 1940, to be $2964.63, and directed its payment within fifteen days. This order was entered on October 23, 1942. It was not complied with by appellant. On November 30, 1942, he served notice of appeal.

It is somewhat difficult to follow appellant's contention with regard to this order. Apparently it has to do with alleged retroactive fixing of rental. In any case, the order here under appeal did no more than fix the exact amount of rental due for 1940 and 1941 under the commissioner's order of April 30, 1940. That order fixed the rental on the orchard property at 50% of the net proceeds. It is apparent that, despite a contention to the contrary, it was affirmed save in a single respect having to do with intervals between rental payments by the district court order of November 2, 1940, which was never appealed and which became final.

Nothing more abstruse is involved here than the computation necessary to carry out the provisions of the April 30, 1940 order, which made the rental determinable by setting out an exact percentage for its basis. No complaint is made that the amount found by the court is erroneous. The order of October 23, 1942, respecting rentals is affirmed.

■ Appealed from also is an order dated April 30, 1943, restraining payments of moneys to appellant by the Leavenworth Fruit and Cold Storage Company, as well as another order directing that these moneys be paid over into the registry of the court. The facts as disclosed by the record on which these orders were entered will be summarized.

By order of the conciliation commissioner entered April 30, 1940, and confirmed by the District Court on November 2, 1940, the appellant was directed to submit to the court monthly a complete and accurate account of all moneys received by him from the sale of produce and also a complete and accurate account of expenditures, including sums paid for materials, labor, picking and storage cost, harvesting and marketing of fruit raised on the orchard property; and he was ordered to pay as rental for this property 50% of the net proceeds realized from the sale of such produce.

On April 12, 1943, appellee Leavenworth State Bank filed its petition alleging the entry of the above order, and alleging further that appellant had made no reports required by the order of April 30, 1940, and that he had paid no rental for 1942 though the crop of that year had been sold through the Leavenworth Fruit and Cold Storage Company, all expenses had been paid, and the storage company had in its possession about six thousand dollars realized from the sale of fruit grown on the orchard property. The petition prayed that appellant be required to submit a report as to receipts and expenditures for 1942, that Leavenworth Fruit and Cold Storage Company be restrained from paying any of the money to appellant pending a hearing, and that it be required to pay the sum held into court.

On this petition a show cause order was made fixing a date for hearing the petition, and requiring appellant prior to that date to file his report of expenditures and receipts for 1942, or to show cause why he failed to do so. On representation by the appellant that fifteen hundred dollars of the money impounded was necessary for the immediate spraying and pruning of the orchard, and for supplies and water rent, the court on April 16, 1943, modified the temporary restraining order and permitted that sum to be paid forthwith to appellant.

On April 30, 1943, the appellant filed an answer to the show cause order and Leavenworth Fruit and Cold Storage Company also filed its answer showing that it had in its possession, after the payment to appellant of the sum allotted for spraying and pruning, $2609.77 owing to appellant for the sale of fruit raised in 1942 on the orchard property.

On the return day of the show cause order, the court found after a hearing that appellant had failed to file his report and that no valid reason for the failure to file had been shown. It ordered that the Leavenworth Fruit and Cold Storage Company retain the moneys until the further order of court and disburse them only upon order of the court. The court subsequently made an order that the money be paid into the court's registry.

As is conceded by appellant, the court's impounding the funds was an effort to induce appellant to file an accounting, so that the percentage based rental might be accurately determined and apportioned to the different lots going to make up the appellant's orchard property. The objection taken is simply to the jurisdiction of the court to withhold moneys from the bankrupt to aid in the securing of figures necessary to the computation of rental already due.

Section 75, sub. s(2), provides that "* * * rental shall be paid into court," and that the debtor's possession of his property during the stay period is "in the custody and under the supervision and control of the court." This appears to afford statutory warrant for the issuance of such an order. The order of April 30, 1943, respecting the impounding of funds, is affirmed.

To be considered next is an appeal from an order of the District Court denying several motions and petitions made to the court. These motions and petitions consist of the following: (1) a motion to the court of the bankrupt to dismiss pending petitions of the creditors to the court or refer them to the conciliation commissioner; (2) a petition to the court to declare void and refer all proceedings under the farm debtor's original petition to the conciliation commissioner; (3) a motion made to the court to dissolve a restraining order forbidding the payment of certain moneys directly to the bankrupt; (4) a motion to the court to revoke its order to show cause why the Leavenworth Fruit and Cold Storage Company should not be required to pay into court the full amount collected by it for the appellant in the marketing of the 1942 crop; and (5) a motion to the court to refer future proceedings to the conciliation commissioner.

Appellant claims that the District Court in such a situation had no original

jurisdiction to consider and determine any of these matters, and that all that had been done in the first instance by the court was void. There is no merit in this contention. The court had the jurisdiction on such matters in the first instance. Warren v. Security-First National Bank, 9 Cir., 121 F.2d 822, 825.

■ Next is an appeal from an order of the court directing the bankrupt to spray a part of his orchard property within ten days. This order was entered April 30, 1943, on petition of the farmer debtor to abandon a part of the orchard, Lot 13 of Springdale Orchards. The Leavenworth State Bank, which had a lien on the lot, offered in open court to accept it at the appraised value of fifteen hundred dollars, and subject to taxes amounting to more than one thousand dollars. The appellant rejected the offer in open court. The District Court found that Lot 13 was in need of spraying to preserve the orchard thereon, and entered the order directing appellant to spray it within ten days.

There is presented then a situation in which the farmer debtor allegedly sought to abandon part of his property, yet refused to accept an apparently reasonable offer for it; a situation in which he had two weeks before been alloted fifteen hundred dollars for the express purpose of spraying, yet had failed to spray a substantial part of the orchard, though not asserting the insufficiency of the sum provided. No contention is made by appellant that the finding of the court as to the necessity for spraying was erroneous.

■ Here again the sole claim of error relates to the supposed lack of power in the bankruptcy court to issue such a supervisory order under any circumstances. The "supervision and control of the court," vested in it by the express terms of the act, (Bankruptcy Act, § 75, sub. s(2), 11 U.S.C.A. § 203, sub. s(2), was intended to and does include jurisdiction to take steps to prevent such threatened dissipation of the assets of the estate as is here evident. Whether such a course of detailed supervision of single farming operations will often prove necessary or proper is not of course decided. The order directing spraying of Lot 13 is affirmed.

■ Appeal is taken also from orders having to do with the appointment of a temporary and later a permanent receiver, and with the approval of the receiver's account. For the reasons hereafter stated these orders are affirmed.

On July 3, 1943, Leavenworth State Bank filed a petition for the appointment of a receiver for the orchard property. The district court found that an extreme emergency existed and that it was necessary that a receiver be appointed forthwith, to protect and preserve the property of appellant.

On August 16, 1943, the court heard the issue raised by the petition and the answer thereto filed by appellant on August 2, 1943. It found that during the season of 1943 the appellant had failed and neglected seasonably to spray, prune or irrigate the orchard property; that as a result of this failure the orchard was seriously infected with San Jose scale, blister mite and coddling moth; that the fruit trees were weakened and dying for lack of irrigation; that the infestation of the trees was spreading to orchards on adjoining property, and the Horticultural Department of Washington and the Prosecuting Attorney of Chelan County were taking steps under Washington law to institute proceedings to condemn the orchard as a public nuisance; that on July 3, 1943, when the temporary receiver was appointed, there was growing on the property a crop of over-ripe cherries. Finding it absolutely necessary for the preservation of the farm debtor's estate, the court granted appellee's petition and appointed a permanent receiver.

On April 1, 1944, the receiver filed his first report and petition for authority to incur expenses. Notice was given of a hearing to be held April 15, 1944. On April 14, 1944, a telegraphic objection was filed by appellant to this report and petition, followed on April 17 by formal written objections, dealing with the court's lack of jurisdiction to appoint a receiver.

On April 15 the court confirmed the order and authorized the borrowing of money to operate the property. An appeal was also taken from this order.

In December, 1943, appellee Leavenworth State Bank filed in this court a motion, still pending, to dismiss the appeals from these orders on the ground that no record on appeal had been filed and docketed.

■ Rule 73(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires the record on appeal to

be filed and docketed within forty days after the date of notice of appeal, or within ninety days if the time for filing is extended by the District Court. It does not appear that appellant has filed any record whatsoever in this matter. The record now before the court is limited to an incomplete one contained in a supplemental transcript filed by appellees. While the filing and docketing of the record is not jurisdictional, it has been held that where there is no excuse for the disregard of the rule of court the appeal may be dismissed. In re Gammill, 7 Cir., 129 F.2d 501.

Appellant does not challenge the correctness of any of the findings of the trial court, which in the aggregate clearly shows severe mismanagement of the property. He argues only that the sole sanction available to the bankruptcy court to enforce obedience to its orders to the ·farmer debtor is appointment of a trustee and sale of the property. He cites in support of his contention such cases as John Hancock Insurance Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, and Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 957, 84 L.Ed. 1222, holding that the procedure of the act must be observed in order to afford farmer debtors the full intended measure of protection. However, the problem here is of course not whether that procedure must be followed, but rather the determination of whether the appointment of a receiver to operate the farm is in certain situations a contemplated part of the act's procedure.

Section 75, sub. s, unlike other types of proceedings in bankruptcy, makes the bankrupt himself, in effect, an officer of the court for the purpose of liquidating the estate, if necessary, on the best possible terms, or rehabilitating the debtor if possible. Ordinarily receivers of property within the custody of the court are replaceable. Congress, though recognizing the important social benefits to be gained by giving special assistance to unfortunate farmers, has in apt words provided for the removal under certain circumstances of the farmer bankrupt, who in effect is a special type of receiver. The procedure to be followed on his removal is set forth on the statute. A relevant part of 75, sub. s follows:

"If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant [thereto], or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold *or otherwise disposed of as provided for in this title.*" [Emphasis supplied].

On the violation of a proper order, then, or for other reasons, the court "may" order the appointment of a trustee. Having so ordered, it may order the property sold, or it may order that it be "otherwise disposed of as provided for in this title." Thus, when the right to Section 75's special protection has been forfeited by the default or disobedience of the farmer debtor, the bankruptcy court may proceed as in general bankruptcy proceedings to take the necessary steps to protect the estate for purposes of liquidation.

Section 2(5) of the Bankruptcy Act, 11 U.S.C.A. § 11(5), grants to the bankruptcy court jurisdiction to "authorize the business of bankrupts to be conducted for limited periods by receivers, the marshals, or trustees, if necessary in the best interests of the estate."

That was the course taken here; it was a proper one, given appellant's derelictions and the pressing need for protection of an ill-tended orchard. Rehabilitation of the farmer is a paramount objective of the section under discussion, within specified limits; but when as here those limits are exceeded, the preservation of the estate for the benefit of the creditors and the debtor's equity, if any, after the debtor's removal from possession, becomes controlling. There is no sufficient reason either in logic or the statute's wording for holding that such preservation may be accomplished in no other way than by the immediate sale of the property, regardless of the possibility of success of short term administration of it under an officer of the court.

This is the view taken also in the case of In re Armold, Armold v. Equitable Life Assurance Society, 7 Cir., 83 F.2d 530, 531, wherein it is said:

"Appellant erroneously assumes that the court had no power to appoint a receiver under amended section 75. Under this section the power of the court over the bankrupt's property is almost unlimited in preserving and protecting it for the best interests of both the debtor and the credi-

tors. \* \* \* Grave duties and responsibilities are \* \* \* laid upon the court, and we see nothing in the law to prevent it from performing those duties and meeting those responsibilities with the aid of receivers, custodians or any other officers of the court, whenever occasion demands it."

An appeal has been taken too from an order denying a petition for the payment of costs and employment of an attorney. Appellant has failed to file a transcript of the record in this matter with the court; there is pending a motion for dismissal of the appeal on this ground. The order of the district court has been examined.

It appears that the petition was denied by the court because it found there were no funds belonging to appellant's estate excepting moneys impounded by the court which were applicable to payment of rental, and that the appeal was not prosecuted for the benefit of the estate, but for appellant personally. Under section 75, sub. s, rental is required to be used for taxes, upkeep and payments to creditors as their interest may appear.

The act does not provide that a bankrupt may appeal from every order entered in the proceeding and be entitled as of right to charge the estate with the expenses of the appeal. 75, sub. q, states that " \* \* \* farmers shall not be required to be represented by an attorney in any proceeding under this section." General order 44, 11 U.S.C.A. following section 53, provides that no attorney for a debtor in possession shall be appointed save upon the order of the court, and further that the court is to authorize employment of an attorney only if, among other considerations, the court is satisfied "that his employment would be to the best interests of the estate." The court here found that the appeal was being prosecuted not for the benefit of the estate, but for the benefit of the farm debtor personally. The

order respecting the attorney and his compensation and all the other orders appealed are affirmed.

Affirmed.