165 P.2d 316

SWEENEY v. WINSLOW GAS CO.

No. 4869.

Supreme Court of Arizona.

Jan. 14, 1946.

Wilson Compton & Wilson, of Flagstaff, for appellant.

Floyd M. Stahl, of Phoenix, and C. D. McCauley, of Winslow, for appellee.

PER CURIAM.

J. L. Sweeney, appellant, brought an action against Winslow Gas Company, a corporation, for personal injuries alleged to have been suffered due to the alleged negligence of the gas company. The case was tried to a jury and resulted in a verdict and judgment for the defendant company. From this judgment and the order denying plaintiff's motion for a new trial, appellant appealed to this court. Appellee has filed a motion to strike the reporter's transcript of the evidence, and a motion to dismiss the appeal. The motion to strike the reporter's transcript is grounded upon the fact that it was not filed with the clerk of the superior court within the time prescribed by Section 22-202, A.C.A.1939.

The motion to dismiss the appeal is predicated upon the fact that the record on appeal was not transmitted to the supreme court within the time required by the provisions of Rules 73(g) of the Rules of Civil Procedure (Section 21-1817, Id.) or within any extension of time made or granted for transmitting said record on appeal. Appellee also presents the additional ground for dismissal that the appellant did not comply with the provisions of Rule 75(d) (Section 21-1822, Id.) in that, not having designated for inclusion the complete record, he failed to serve a concise statement of the points on which he intended to rely on appeal. Our disposition of the first ground of the motion to dismiss the appeal obviates any necessity for passing upon the second ground of the motion to dismiss. The authority of this court to entertain these motions and make such disposition thereof as it deems appropriate, including the power to order the dismissal of the appeal, is conferred by Rule 73(a) (Section 21-1802, Id.). See In re Gammill, 7 Cir., 129 F.2d 501. Rule 73(a) reads as follows: "Effect of failure to complete.—When an appeal is permitted by law to the Supreme Court, a party may appeal by filing with the superior court, within the time prescribed in Rule 72 (§ 21-1801), a notice of appeal.

Failure of the appellant to take any of the further steps to secure the review of the judgment or order appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal."

█ We here set forth in chronological order the dates and events in the record after motion for a new trial was denied:

May 18, 1945 Order denying motion for a new trial.
June 29, 1945 Notice of Appeal filed (Date on notice May 29)
July 16, 1945 Order of judge of superior court "that time for filing transcript of record on appeal is extended thirty days."
Aug. 9, 1945 Order of superior court extending to August 25 time within which to file and serve transcript of the evidence.
Aug. 24, 1945 Order of the superior court extending for "thirty days as from today" time within which to file reporter's transcript of the evidence.
Sept. 17, 1945 Date on which court reporter certified transcript of the evidence.
Oct. 2, 1945 Plaintiff filed with clerk of superior court his designation of contents of record that he required on appeal and included in this designation the transcript of reporter's notes.
Oct. 3, 1945 Transcript of the evidence filed with clerk of superior court.
Nov. 10, 1945 Transcript of evidence presented to judge and certified by him as correct.
Nov. 13, 1945 Record on appeal, including transcript of evidence, transmitted by clerk of superior court to clerk of supereme court.
Nov. 20, 1945 Record on appeal, including transcript, filed with clerk of supreme court.

From the foregoing statement of dates and events it will be noted that the notice of appeal was dated May 29th but not filed until June 29th. The rule relating to the transmission of the record on appeal is Rule 73(g) (Section 21-1817, Id.) and reads as follows: "Transmitting record on appeal. —The record on appeal as provided for in Rules 75 and 76 (§§ 21-1819–21-1829 and 21-1830) shall be transmitted to the Supreme Court within forty (40) days from the *date of the notice of appeal;* except that, when more than one (1) appeal is taken from the same judgment, the superior court may prescribe the time for transmitting, which in no event shall be less than forty (40) days from the date of the first notice of appeal. In all cases the superior court in its discretion and with or without motion or notice may extend the time for transmitting the record on appeal, if its order for extension is made before the expiration of the period for transmitting as originally prescribed or as extended by a previous order; but the superior court shall not extend the time to a day more than ninety (90) days from the date of the first notice of appeal." (Emphasis supplied.)

This rule provides that the record must be transmitted within forty days from the date of the notice of appeal. We hold that the word "date" does not refer to the date line in the notice, but to the date or time when the notice is filed. To make the appeal effective the notice of appeal must be filed with the superior court. Rule 72 (Section 21-1801, Id.); In re Guanajuato Reduction & Mines Co., D.C.N.J.1939, 29 F. Supp. 789, 41 Am.Bankr.Rep., N.S., 3. The emphasis throughout the various rules is always on the filing date of the notice of appeal. See Rule 72 (Section 21-1801, Id.),

Rule 75(g) Section 21-1825, Id.), and Rule 76 (Section 21-1830, Id.).

◼ The *motion of the appellee to strike* the reporter's transcript is specifically grounded on Section 22-202, Id., which section, prior to the adoption of the new rules, prescribed the time within which a statement of facts or a transcript of the court reporter's notes might be filed. This section reads as follows: "Time for filing reporter's transcript.—Within sixty (60) days after the entry of judgment, or of an order denying a motion for a new trial, or granting or denying a motion in arrest of or to set aside a judgment, or within such additional time as may be stipulated between the parties, or allowed by the court by an order in the action, either party may file with the clerk of the court a statement of facts or a transcript of the court reporter's notes. Where the ruling appears otherwise of record a statement of facts, or transcript is not necessary to present such ruling for review."

However, it is apparent and we hold that under the provisions of the act authorizing the adoption of the Rules of Civil Procedure for the Superior Courts, being Chapter 8, Session Laws 1939, Section 19-204, A.C.A.1939, Section 22-202 is no longer the governing section. It has definitely been superseded by Rule 75(b) (Section 21-1820, Id.). Section 19-204, supra, specifically provides that "All statutes relating to pleading, practice and procedure, existing at the time this act takes effect shall be deemed to be rules of court and shall remain in effect as such until modified or suspended by rules promulgated pursuant to this act." See Burney v. Lee, 59 Ariz. 360, 129 P.2d 308.

◼ This court takes judicial notice that the Rules of Civil Procedure became effective January 1, 1940. Beginning with Rule 72 (Section 21-1801), these rules govern the procedure on appeal. Rule 75 (a) (Section 21-1819, Id.) requires that *"Promptly* after an appeal to the Supreme Court is taken, the appellant shall serve upon the appellee and file with the superior court a designation of the portions of the record, proceedings, and *evidence* to be contained in the record on appeal. Within ten (10) days thereafter any other party to the appeal may serve and file a designation of additional portions of the record, proceedings, and evidence to be included." (Emphasis supplied.) Rule 72 (Section 21-1801, Id.) provides that the notice of appeal must be filed within sixty days from the entry of the judgment or order appealed from. After the notice of appeal is filed, the appellant shall promptly file his designation of the record required on appeal. Rule 75(b) (Section 21-1820) provides that: "If there be designated for inclusion any evidence or proceedings at a trial or hearing which was stenographically reported, the appellant shall file with his designation two (2) copies of the reporter's transcript of the evidence or proceedings included in his designation. If the designation includes only part of the reporter's transcript, the appellant shall file two (2) copies of such addi-

tional parts thereof as the appellee may need to enable him to designate and file the parts he desires to have added, and if the appellant fails to do so the court on motion may require him to furnish the additional parts needed. One of the copies so filed by the appellant shall be available for the use of the other parties."

Clearly this rule, which is an affirmative change made by the Rules of Civil Procedure requires only that the reporter's transcript be filed at the time the designation of the record on appeal is filed.

■■ We believe it advisable here to point out to the members of the state bar that in order to successfully perfect an appeal and actually get the record in the Supreme Court meticulous attention must be given to the time element in Rule 73(g) (Section 21-1817, Id.). If for any reason it is physically impossible to secure the reporter's transcript, appellant should, before the expiration of thirty days from the date the notice of appeal is filed, make a sufficient showing to secure an extension of time within which to transmit the record on appeal. We point out that it is necessary to do this within thirty days for the reason that under Rule 75(a) (Section 21-1819, Id.) after appellant makes his designation the other party has ten days to serve and file a designation of additional portions of the record, proceedings and evidence to be included. If the trial court declines to grant the extension, appellant would be compelled to file his designation in order

that the clerk could transmit such record as he had within the 40-day period. If, as we have said, appellant cannot comply with Rule 75(b) (Section 21-1820, Id.) in that he cannot secure and file two copies of the reporter's transcript, he can make a showing to this effect, and even though the application for extension of time to file the record on appeal be denied, the showing that he has made to the trial court would constitute the basis for a showing to be made in this court of a motion to secure an enlargement of the time within which to file the two copies of the reporter's transcript and have the record completed in this court.

■ In stressing the fact that the appellant must not so delay the service of his designation of the contents of the record as to deprive the appellee of the ten-day period within which to serve and file an additional designation under Rule 75(a), we quote from Moore's Federal Practice under the new rules, note 6, page 519 of the 1944 Six-Year Cumulative Supplement to Volume 3, applicable to Rule 75(a).

"If the appellant has designated for inclusion the complete record and all the proceedings and evidence in the action it would seem that the appellee would not need the ten-day period given by Rule 75(a) [28 U.S.C.A. following section 723c]. Otherwise he does. In the case of In re Prudence Co., Inc., D.C.E.D.N.Y.1939, 29 F.Supp. 630, 631, the appellant served his designation of the contents of the record on the appellee

on the thirty-eighth day after notice of appeal (two days before the expiration of the forty-day period allowed for the filing and docketing of the record on appeal). Previously the district court had ruled that no good cause had been shown for an extension of the regular time limit, and appellant then submitted his record on the date aforesaid. The district court found the record thus filed to be inadequate to present the issues and filed without regard to any counter-designation, but ruled that the appellees' remedy was a motion in the appellate court to dismiss. The circuit court of appeals, upon such a motion, dismissed the appeal on the ground that the appellees were deprived of the ten-day period within which to file a counter-designation. See In re Prudence Co., Inc.[1] 2 Cir., 1939. Cf. Wertz v. National City Bank of Evansville 7 Cir., 1940, 115 F.2d 65, 42 Am.B.R.N.S. 802, set out at length in section 75.09, infra, this Supp.; In the Matter of Plankinton Bldg. Co. 7 Cir., 1943, 133 F.2d 900.

"See also section 75.03, n. 10, infra."

We desire to point out to counsel that there is an apparent conflict in Rules 6(b) (Section 21-327, Id.) and 73(g) (Section 21-1817). These two rules are not in complete harmony. The Supreme Court of the United States has not construed these two rules. The circuit courts of appeal have not been in agreement on their construction. In Ainsworth v. Gill Glass & Fixture Co., 3 Cir., 1939, 104 F.2d 83, 84, the Third Circuit

sustains the views set forth on pages 411-412 of the text of Moore's Federal Practice. In this case the court said: "We do not see anything in Rule 73(g) which is expressly inconsistent with the authority thus conferred by Rule 6(b) except the final clause of that rule which prohibits the District Court from extending the time to a day more than 90 days from the notice of appeal. We think, therefore, that Rule 6(b) authorizes the District Court upon motion after notice to the appellee to permit the record on appeal to be filed after the expiration of the period fixed by Rule 73(g) or extended by the court under that rule where the failure to file it within that period is shown to the satisfaction of the court to be the result of excusable neglect, provided that the record is not permitted to be filed after the expiration of 90 days from the date of the notice of appeal."

But in Mutual Benefit Health & Accident Association v. Snyder, 6 Cir., 1940, 109 F.2d 469, and Burke v. Canfield, 1940, 72 App. D.C. 127, 111 F.2d 526, the Sixth Circuit and the Court of Appeals for the District of Columbia, respectively, take the opposite view. See also Schram v. O'Connor, D.C. E.D.Mich.1941, 22 F.R.D. 192. In the Burke case, supra [111 F.2d 527], the court said: "It has been said that Rule 6(b) permits an extension to be granted even after expiration of the 40 days. Ainsworth v. Gill Glass & Fixture Co., 3 Cir., 104 F.2d 83. But if the broad language of the latter

---

[1] No opinion for publication.

rule applies, then the language of Rule 73 (g) quoted above is superfluous. The words of limitation must have been used advisedly, and it is an established rule that general language yields to the particular, where both apply to the case at hand and the plain intent is not defeated by such a construction. Bailey v. Allan E. Walker, [Inc.] 55 App.D.C. 74, 2 F.2d 123, Rule 6(b), therefore, has no application to extensions of time for the filing of the record and docketing of the case on appeal, since the subject is dealt with specifically in Rule 73 (g). Mutual Benefit Health & Acc. Ass'n v. Snyder, 6 Cir., 109 F.2d 469 * * *."

Until such time as the Supreme Court of the United States makes an interpretation of these two rules, we suggest that appellants follow the specific provisions of Rule 73(g) (Section 21-1817, Id.) and obtain the order of enlargement before the expiration of the period originally prescribed or as extended by a previous order, and in no event obtain or seek to obtain an extension of time to a day more than 90 days from the date of the first notice of appeal. If counsel for appellants will follow this suggested procedure, they will obviate the necessity in most cases of appealing to this court for relief under Rule 75(a) (Section 21-1819, Id.). Where a legitimate attempt is made to follow these rules and, due to unforeseen circumstances, they cannot be literally complied with, we shall be inclined to exercise our discretion under Rule 75(a) and grant appropriate relief to prevent harsh and unjust results.

The time which will constitute prompt service of the designation of the record, proceedings and evidence to be contained in the record on appeal is a variable time. In this behalf we find the text of Moore's Federal Practice (1944 Six-Year Cumulative Supplement to Volume 3) applicable to Rule 75(a) very helpful. We quote:

"* * * There may often be a question under Rule 75(a) as to whether the appellant has 'promptly' served upon the appellee and filed with the district court his designation of the portions of the record, proceedings and evidence to be included on appeal. This will depend largely upon the nature of the matters which the appellant seeks to have reviewed. Thus, where a review is sought solely on questions of pleading, the designation can, as a practical matter, be prepared, served and filed contemporaneously with, or shortly after, the perfecting of an appeal. But where the appellant desires to raise questions that can be determined only by reference to testimony, the time which will constitute prompt service of the designation is a variable time. Suppose that after an extended hearing or trial a judgment is entered and the losing party perfects an appeal within a few days. As a physical matter it may be days and even weeks before the appellant can secure copies of the reporter's transcript, and yet he is obliged by Rule 75(b) to file with his designation two copies of the reporter's transcript. As a consequence what constitutes promptness in this situation is something entirely different from promptness where.

the review is to be solely on questions of pleading.

"In any event, the appellant must not so delay the service of his designation of the contents of the record as to deprive the appellee of the ten-day period within which to serve and file an additional designation under Rule 75(a). In order to avoid this difficulty, the appellant may be compelled to attempt to secure from the district court an extension of the forty-day period prescribed in Rule 73(g) for the filing and docketing of the record in the circuit court of appeals, or in a proper case, file a partial record and docket the appeal under Rule 75(j), so that he can then apply to the appellate court for an extension of time within which to file the complete record. * * *"

 From the record of dates and events above set forth, it appears that appellant tardily, to-wit on October 2, 1945, filed his designation of the portions of the record that he required on appeal. This filing was without leave of court and at a time when the superior court was without authority to make any order in this behalf. The appellant in his designation of the portions of the record that he desired to be transmitted to the supreme court included the reporter's transcript of the evidence. The failure of the appellant to file a designation of the record or a transcript of the reporters' notes of the evidence within the time prescribed does not affect the validity of the appeal. See Rule 73(a) (Section 21-1802, Id.); Lount v. Strouss, 63 Ariz. 323, 162 P.2d 430.

As above noted the notice of appeal was filed June 29, 1945. Had there not been an intervening order, August 8th would have been the last day for the clerk of the superior court to transmit the record on appeal, being the end of the forty-day period from the date of filing. See Rule 73(g) (Section 21-1817, Id.) From the record on appeal, it appears that on July 16th the judge of the superior court made and entered his order "that time for filing transcript of record on appeal is extended thirty days." We understand this order to mean and its effect to be that in addition to the original forty days within which the clerk had to transmit the record on appeal, there was given an additional thirty days; that is, thirty days from August 8th. September 7th, therefore, was the last day for the clerk of the superior court to transmit the record on appeal under the extension of July 16th. Under the Rule 75(a), appellant would have had until August 28th (that date being ten days before the expiration of the time within which to transmit the record) within which to file his designation and the reporter's transcript. The orders of August 9th and August 24th extending the time within which to file and serve a transcript of the reporter's notes of the evidence were not orders extending the time within which to transmit the record on appeal. Even if we were to assume that these orders of August 9th and 24th were broad enough to include

a grant of extension of time within which to transmit the record on appeal, September 23rd would have been the last day to transmit the record. Under this assumption, September 13th would have been the last day for appellant to file his designation in order to give appellee ten days within which to file a counter or additional designation. The designation was filed October 2nd; the reporter's transcript October 3d.

By the provisions of Rule 73(g) (Section 21-1817, Id.), the record on appeal must be transmitted within forty days in the absence of orders for extension of time within which the record may be transmitted. Extensions may be secured, "but the superior court shall not extend the time to a day more than ninety (90) days from the date of the first notice of appeal." September 7th was the last day for the clerk to transmit the record on appeal under the extension of July 16th. In no event could the judge of the superior court have extended the time within which to transmit the record on appeal beyond September 27th, which was 90 days from the date of filing the notice of appeal. The record on appeal was actually transmitted November 13th, which was sixty-seven days late.

In the following cases in which the infractions of Rule 73(g) do not appear to have been as gross as the infractions in the instant case, the courts dismissed the appeals on account of the violations of the rule. United States v. Schlotfeldt, 7 Cir., 123 F.2d 109; In re Gammill, 7 Cir., 129 F.2d 501; Morrow v. Wood, 5 Cir., 126 F.2d 1021; In re Plankinton Bldg. Co., 7 Cir., 133 F.2d 900.

In the case of United States v. Schlotfeldt, supra [123 F.2d 111], in dismissing the appeal for failure to comply with this rule, the court said:

"The rules of procedure were intended to expedite and simplify the practice and procedure. Ample provision is made in the rules to relieve against hardship and excusable neglect. There is no room for inexcusable neglect and long delay, and where both appear, as in this case, it seems to us a good time to indicate that the rules of this Court and the Code of Civil Procedure have some meaning and purpose.

"The motion to dismiss the appeal is granted and the appeal is dismissed."

In its opinion dismissing the appeal in the case of Morrow v. Wood, supra, the court stated as follows [126 F.2d 1022]: "Aside from this, however, if, as appellants contend, the proceedings that were taken constituted such substantial compliance with law as to give this court jurisdiction to entertain the appeal, we think the appeal should be dismissed for failure to comply with Rule 73(g) of the Rules of Civil Procedure, and the rules of this court. Cf. Crump v. Hill, supra [5 Cir., 104 F.2d 36]. The last of the series of steps relied upon by appellants as perfecting the appeal was taken on December 12, 1941. Under any view of the case the transcript of rec-

ord was required to be filed and docketed in this court within forty days thereafter. The record was not filed or docketed within that time, nor was an extension of time applied for or granted."

In the case of In re Gammill, supra [129 F.2d 502], the court in denying a motion for leave to docket an appeal (beyond the prescribed period) made the following observations with reference to the rules under question: "While the Rules of Civil Procedure provide that, with the exception of the requirement of timely notice of appeal, none of the steps to secure review of a judgment appealed from are jurisdictional (Rule 73(a), it is clear that the rules are expected to be followed, and that unless reasons satisfactory to the court are advanced as a basis for special relief from their provisions, it will take such action as it deems appropriate. In this case, such action would be denial of leave to docket the appeal, which leave is required by Rule 11(2) of this court: 'And in no case shall the appellant be entitled to docket the appeal after the time allowed under this rule, unless by special leave of this court.' We do not find the reasons set forth by appellant sufficiently persuasive to justify relaxation of Rule 73(g) or our rule 11(2). Cf. Burke v. Canfield, 72 App.D.C. 127, 111 F.2d 526; United States v. Schlotfeldt, 7 Cir., 123 F.2d 109."

In the case at bar no effort was made to comply even partially with the rules for promptly taking and perfecting an appeal to the supreme court beyond the filing of the notice of appeal. The record discloses a total lack of diligence which is not attempted to be excused. In meritorious circumstances we can and will overlook irregularities in perfecting an appeal. Such a case is not here presented.

The appeal should be dismissed, and it is so ordered.

STANFORD, C. J., LaPRADE, J., and WALSH, Superior Judge, concur.

