PACIFIC COAST MARINE FIREMEN, OILERS, WATERTENDERS & WIPERS ASS'N v. COASTWISE (PACIFIC FAR EAST) LINE.

No. 12034.

United States Court of Appeals
Ninth Circuit.

Dec. 6, 1948.

Gladstein, Andersen, Resner & Sawyer and Norman Leonard, all of San Francisco, Cal., for appellant.

Brobeck, Phleger & Harrison and Robert E. Burns, all of San Francisco, Cal., for appellee.

Before: DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges.

PER CURIAM.

Appellant, here on appeal from an interlocutory order, procured a valid order from the district court extending his time to docket the record with our clerk to September 10, 1948. On the next day appellant docketed the record. Appellee moves to dismiss the appeal because of the one day added to the 70 day period of our rules to reach joinder of issue on the briefs.

If the interlocutory order be reversed, there may be a saving of the district court's and the litigants' efforts and time. Had the appellant moved us on September 11, 1948, to docket but one day after his allowed time had expired, we undoubtedly would have granted the motion. The delay of the one day is a matter de minimis.

The motion is denied.

HEALY, Circuit Judge, (dissenting).

Appellant filed its notice of appeal on June 22, 1948. On July 30 ensuing it applied for and obtained from the district court an order extending its time to docket the appeal to September 10, 1948. No application for a further extension of time was made and no further extension of time granted. Appellant filed its appeal here on September 11, 1948, eighty-one days after the date of filing its notice of appeal and subsequent to the last day permitted by the extension allowed below.

Appellee moved to dismiss the appeal on the ground that it was not filed within the time allowed under Rule 73(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. I think the motion should be granted, In re Gammill, 7 Cir., 129 F.2d 501; Morrow v.

Wood, 5 Cir., 126 F.2d 1021; United States ex rel. Rempas v. Schlotfeldt, 7 Cir., 123 F.2d 109; Maghan v. Young, 80 U.S.App. D.C. 395, 154 F.2d 13.

Appellant has made no showing of diligence of any sort in the docketing of this extremely short and simple record. The rule was intended to expedite appeals. I do not regard as a mere trifle an inexcusable failure to comply with it.